CRAIG C. CORBITT (Cal. SBN 83251)
**ZELLE HOFMANN VOELBEL**
**& MASON LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
E-Mail: ccorbitt@zelle.com

ERIC E. CAUGH (*pro hac vice*)
**ZELLE HOFMANN VOELBEL**
**& MASON LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, MN 55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100
E-Mail: ecaugh@zelle.com

Attorneys for Plaintiffs

[Names and addresses of additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TODD SMITH, DIRK REGAN and CAROL REGAN, JACQUELYN SHELDRICK, GLENN L. BOOM, and WILLIAM NELSON and LINDA NELSON, INDIVIDUALLY AND AS REPRESENTATIVES OF A CLASS OF PERSONS SIMILARLY SITUATED, | CASE NO. 3:11-cv-02599-TEH |
| | **JOINT NOTICE OF MOTION, JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT, AND APPROVAL OF FORM AND MANNER OF NOTICE, AND PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Plaintiffs, | |
| v. | |
| QWEST COMMUNICATIONS COMPANY, LLC; SPRINT COMMUNICATIONS COMPANY L.P.; LEVEL 3 COMMUNICATIONS, LLC; and WILTEL COMMUNICATIONS, LLC, | Date:     October 15, 2012 |
| | Time:     10:00 a.m. |
| | Location:   Courtroom 12 |
| Defendants. | Judge:     Hon. Thelton E. Henderson |

1

**PLEASE TAKE** NOTICE that the Parties do not request a hearing on this Joint Motion,

2

in which all Parties have joined, however, should the Court have questions that are not answered

3

by Plaintiffs' Memorandum in Support, the Motion will be heard on October 15, 2012, at 10:00

4

a.m. or as soon thereafter as counsel can be heard, before the Honorable Thelton E. Henderson,

5

6

in Courtroom 12 of the above-captioned Court, located at 450 Golden Gate Avenue, San

7

Francisco, California 94102.

8

The Court action that this Motion seeks is an Order, under Federal Rules of Civil

9

Procedure 23(b) and (e), (1) certifying the Settlement class, (2) preliminarily approving the class-

10

action settlement agreement, (3) approving the form and manner of notice to the class, and (4)

11

scheduling a final fairness hearing, any time after June 8, 2013.

12

The grounds for the motion and a more detailed explanation of the coordinated noticed

13

program are set forth in the Plaintiffs' Memorandum of Points and Authorities in Support.

14

15

Dated this 5th day of September, 2012.          Respectfully submitted,

16

/s/Eric E. Caugh
ERIC E. CAUGH (*pro hac vice*)

17

**ZELLE HOFMANN VOELBEL & MASON LLP**
500 Washington Avenue South, Suite 4000

18

Minneapolis, MN  55415
Telephone: (612) 339-2020

19

Facsimile: (612) 336-9100
E-Mail: ecaugh@zelle.com

20

21

CRAIG C. CORBITT (Cal. SBN 83251)
**ZELLE HOFMANN VOELBEL & MASON LLP**

22

44 Montgomery Street, Suite 3400
San Francisco, CA  94104

23

Telephone: (415) 693-0700
Facsimile: (415) 693-0770

24

E-Mail: ccorbitt@zelle.com

25

26

27

Case Number: 3:11-cv-02599-TEH          Joint Notice of Motion, Joint Motion for Certification of Settlement Class,
Preliminary Approval of Class-Action Settlement, and Approval of Form and

28

Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in
Support

JEFFREY M. FORSTER (Cal. SBN 505190)
160 West Clara Street, Suite 1100
San Jose, CA  95113
Telephone: (408) 977-3137
Facsimile: (408) 977-3141
E-Mail: jfostr@pacbell.net

STEVEN R. LEVY (Cal. SBN 103164)
17670 Woodland Avenue
Morgan Hill, CA  95037
Telephone: (408) 274-7000
Facsimile: (408) 274-9000
E-Mail: slevy@bigfoot.com,
                stevelevy@verizon.net

ARTHUR T. SUSMAN (*pro hac vice*)
**SUSMAN, HEFFNER & HURST LLP**
30 North LaSalle Street, Suite 1210
Chicago, IL  60602
Telephone: (312) 346-3466
Facsimile: (312) 346-2829
E-Mail: asusman@shhllp.com

WILLIAM T. GOTFRYD (*pro hac vice*)
**SUSMAN, HEFFNER & HURST LLP**
30 North LaSalle Street, Suite 1210
Chicago, IL  60602
Telephone: (312) 346-3466
Facsimile: (312) 346-2829
E-Mail: wtglawproj@aol.com

ATTORNEYS FOR PLAINTIFFS

/s/ Molly R. Newland (*with authorization*)
MOLLY R. NEWLAND, Cal. Bar No. 244928
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
   An LLP Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
E-Mail: mnewland@sheppardmullin.com

ATTORNEY FOR DEFENDANTS QWEST
COMMUNICATIONS COMPANY, LLC; SPRINT
COMMUNICATIONS COMPANY L.P.; LEVEL 3
COMMUNICATIONS, LLC; and WILTEL
COMMUNICATIONS, LLC

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY ...................................................................................1

DISCUSSION .................................................................................................................4

1.   Procedural history. .................................................................................................4

2.   Subject-matter jurisdiction and venue. ..................................................................6

3.   Settlement structure. ..............................................................................................8

4.   Principal Settlement terms. ..................................................................................10

    A.   Claim submission and cash benefits. ...............................................................10

    B.   Funding. ...........................................................................................................12

    C.   Grant of easement and release. ........................................................................12

    D.   Claims administrator. .......................................................................................14

    E.   Preliminary approval.........................................................................................14

    F.   Opt-out rights. ..................................................................................................15

    G.   Final approval. ..................................................................................................15

    H.   Claims processing and payment of compensation to Class members..................15

    I.   Value of the Settlement and attorneys' fees. ......................................................16

5.   The Court should certify the Settlement class. ......................................................17

    A.   The Settlement class satisfies the four prerequisites for certification under Rule 23(a). ................................................................................................................17

        (1)   *Numerosity is satisfied.* ..............................................................................19

        (2)   *Commonality is satisfied.* ...........................................................................20

        (3)   *Typicality is satisfied.*................................................................................20

        (4)   *Adequacy of representation is satisfied.* .....................................................21

    B.   The Class satisfies the predominance and superiority requirements of Rule 23(b)(3). ...........................................................................................................22

1           (1)    *Predominance is satisfied.* ..........................................................................22

2           (2)    *Superiority is satisfied.*..............................................................................23

3  6.     The Court should preliminarily approve the Settlement.....................................................24

4      A.     The Settlement was reached after extensive discovery and litigation, consideration
5             of the prospects if the case were tried, and extraordinarily lengthy and painstaking
           arm's-length negotiations...........................................................................26

6      B.     Cash compensation under the Settlement is within the range of reasonableness. .26

7      C.     The proposed attorneys' fees are reasonable. .......................................................28

8  7.     The Court should approve the form and manner of notice. ...............................................30

9  CONCLUSION............................................................................................................................32

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

<u>**Cases**</u>

3

*Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47 (9th Cir. 1998)  .................................. 24

4

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................17-18, 20-24

5

6

*Anderson v. Time Warner Telecommc'ns of Cal., Inc.*, 28 Cal. Rptr. 3d
289 (Cal. Ct. App. 2005) ................................................................................................ 27

7

*Boeing v. Gemert*, 444 U.S. 472 (1980) ........................................................................ 28

8

*Camacho v. City of St. Luis*, 359 F.App'x 794 (9th Cir. 2009)  ................................. 24

9

*City of Long Beach v. Pac. Elec. Ry. Co.*, 283 P.2d 1036 (Cal. 1955) ......................... 27

10

*Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230 (9th Cir. Sept. 4, 2012) ........................ 25

11

12

*Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997 (9th Cir.
2002) ................................................................................................................................ 29

13

14

*General Tel. Co. of the Northwest, Inc. v. Equal Emp't Opportunity
Comm'n*, 446 U.S. 318 (1980) ....................................................................................... 19

15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)  ............................................. 20, 25, 28

16

*Hinshaw v. AT&T Corp.*, No. 29D01 9705-CP-000308, 1998 WL 1799019
(Ind. Super. Aug. 24, 1998) ........................................................................................... 18

17

*Home on the Range v. AT&T Corp.*, 386 F. Supp. 2d 999, 1007 n.5 (S.D. Ind. 2005)  ................ 9

18

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ..................... 25, 29-30

19

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) ............................................. 29

20

*In re The Exxon Valdez*, 229 F.3d 790 (9th Cir. 2000) .................................................. 24

21

*In re Wells Fargo Home Mortgage*, 571 F.3d 953, 958 (9th Cir. 2009)......................................... 23

22

23

*Kingsborough v. Sprint Commc'ns Co.*, 673 F. Supp. 2d 24 (D. Mass. 2009) .............. 5-6, 26, 30

24

*Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las
Vegas Sands, Inc.*, 244 F.3d 1152 (9th Cir. 2001) ....................................................... 24

25

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ......................... 30

26

*Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227 (10th Cir. 2006) ............................ 7

27

28

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class,
Preliminary Approval of Class-Action Settlement, and Approval of Form and
Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in
Support
iii

*Ostler v. Level 3 Communications, Inc.*, Cause No. IP 00-0718-C H/K,
2002 WL 31040337 (S.D. Ind. Aug. 27, 2002) ..................... 22

*People ex rel. Dept. of Transp. v. S. Pac. Transp. Co.*, 84 Cal. App. 3d 315
(Cal. Ct. App. 1978) ................................................. 27

*Poor v. Sprint,* Case No. 99-L-421, Order (Ill. Cir. Ct. Feb. 20, 2003) ....................... 4

*Rodriguez v. Hayes*, 591 F.3d 1102 (9th Cir. 2010) .................... 21

*Shaffer c. Cont'l Cas. Co.*, 362 F.App'x 627 (9th Cir. 2010) .................... 28

*Smith v. Sprint Commc'ns Co.*, 387 F.3d 612 (7th Cir. 2004) ................. 4-6, 14, 26

*Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir.1977) .................... 7

*Sosna v. Iowa*, 419 U.S. 393 (1975) ................................. 21

*Tompkins v. Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL
1808316 (E.D. Cal. Apr. 22, 2008) .................................. 7

*Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, No. IP00-
171232-C-B/S, 2001 WL 987840 (S.D. Ind. Aug. 28, 2001), *aff'd*, 309 F.3d
978 (7th Cir. 2002) ............................................. 18, 27

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .................... 20

*Yeagley v. Wells Fargo & Co.*, 365 F.App'x 886 (9th Cir. 2010) .................... 28

*Yeroushalami v. Blockbuster, Inc.*, No. 05-CV-225, 2005 WL 2083008
(C.D. Cal. Jul. 11, 2005) ............................................ 8

*Zografos v. Qwest Commc'ns Corp.*, 225 F. Supp. 2d 1217 (D. Or. 2002) .................... 4

**Other Authorities**

15 *Moore's Fed. Prac.* § 102.26 (3d ed.) .................................. 8

28 U.S.C. § 1391 ..................................................... 8

28 U.S.C. §§ 1332(d) .................................................. 7

7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and
Procedure*, *Fed. Prac. & Proc. Civ.* § 1793 (3d ed.) .................... 32

Cal. Pub. Util. Code § 7901 .......................................... 27

Fed. R. Civ. P. 23 ............................................... *passim*

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class,
Preliminary Approval of Class-Action Settlement, and Approval of Form and
Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in
Support                                                                                    iv

General Right of Way Act, 18 Stat. 482 ........................................................................................ 9

*Manual for Complex Litigation* § 21.632 (4th ed. 2006) ............................................................ 3

S. REP. 109-14, S. Rep. No. 14, 109th Cong., 1st Sess., 2005, 2005 WL 627977, 2005 U.S.C.C.A.N. 3 (Leg. Hist.) (2005) ........................................................................ 8

# INTRODUCTION AND SUMMARY[1]

The California Class Settlement Agreement ("Settlement") before the Court will resolve trespass, unjust-enrichment, and related claims held by thousands of landowners statewide against four of the nation's largest telecommunications companies.  The proposed Settlement will terminate the pending property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by Sprint Communications Company L.P., Qwest Communications Company, LLC, Level 3 Communications, LLC, and WilTel Communications, LLC ("the Settling Defendants").  The claims resolved by the Settlement affect approximately 4,180 miles of rights of way throughout the state.

Plaintiffs' counsel estimate that approximately $8,370,000 in cash benefits are available for class members to claim.  Administrative costs — to be paid separately by the Settling Defendants — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at roughly an additional $2,942,000.  Attorneys' fees and costs of approximately $2,901,000, which the Settling Defendants will also pay separately under the Settlement, and which will not reduce benefits payable to class members, bring the total gross value of the Settlement to roughly $14,213,000.

The proposed Settlement resolves claims arising from a practice under which telecommunications companies installed fiber-optic cable systems in railroad rights of way under agreements with the railroads possessing those rights of way.  Plaintiffs in this case and plaintiffs

---

[1] This Memorandum is filed by Plaintiffs' counsel, who are advised by the Settling Defendants that they do not take any position on its contents.

Case Number: 3:11-cv-02599-TEH   Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

in approximately seventy more cases in other state and federal courts have filed complaints alleging that the railroads do not have sufficient rights to authorize the installation of fiber-optic-cable systems in some parcels of the rights of way.  Defendants here and in the other cases have answered that the railroads own much of the rights of way in fee and that, even in the parcels where they own only easements, the railroads have sufficient rights to permit a telecommunications use by third parties.

The proposed Settlement follows years of arduous litigation in courts across the country. The Settlement of claims in California and forty-five other states was the subject of extensive negotiations with the assistance of Eric D. Green of Resolutions, LLC, a nationally recognized mediator based in Boston, Massachusetts.  Those negotiations resulted in agreements, like the one before this Court, under which the settling defendants would pay cash compensation, per linear foot of right of way, to qualifying landowners for both past and future damages allegedly caused by the occupation and use of their property.  In exchange, the settling defendants will receive a release of all claims arising out of the installation and operation of telecommunications facilities in the rights of way.  To assure that the California Settlement resolves all claims, including any claims by subsequent purchasers of property covered by the Settlement, all current landowners on whose property the Defendants have installed telecommunications facilities also will convey an easement to them.  The easements will fix the extent of the lawful, future use of the right-of-way property that is in dispute, and, under the Settlement, the Defendants may record the easements to provide notice to subsequent purchasers.

The proposed Settlement requires judicial approval.  Under Federal Rule of Civil Procedure 23(e), the Court must approve any proposed settlement of the claims of a certified class and must direct notice in a reasonable manner to all class members bound by the

Case Number: 3:11-cv-02599-TEH       Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

settlement.  Fed. R. Civ. P. 23(e)(1)(A) and (B).  In implementing Rule 23(e), courts typically follow a two-step procedure:  (1) preliminary approval of the settlement terms, certification of the settlement class, and approval of the notice plan, followed by (2) a final hearing on the fairness, reasonableness, and adequacy of the settlement.  *See Manual for Complex Litigation* § 21.632 (4th ed. 2006).  Where, as here, "the case is presented for both class certification and settlement approval, the certification hearing and the preliminary fairness evaluation can usually be combined."  *Id*.  Accordingly, the Parties seek certification of the Settlement class, preliminary approval of the Settlement, and authorization of notice to the class.

With respect to class certification, "the judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."  *Id*.  The touchstone of the preliminary fairness evaluation under Rule 23(e)(2) is that a settlement is "fair, reasonable, and adequate."  As to approval of the form and manner of notice, the Court must find that, under Rule 23(c)(2), the proposed notice plan provides "the best notice practicable under the circumstances," and must communicate, inter alia, the nature of the action and class members' rights.

As set forth herein, the Settlement class satisfies the requirements for certification under Rule 23.  The proposed Settlement easily meets the requirements for preliminary approval, as the cash benefits and other provisions are fair, reasonable, and adequate.  The proposed form and manner of notice to landowners across California is thorough in scope and reach, comporting with current best practices, and is undoubtedly the "best notice practicable under the circumstances."  Accordingly, the Court should grant the Parties' joint motion for certification of the settlement class, preliminary approval of the Settlement, and approval of the form and manner of notice.

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 3

# DISCUSSION

## 1. Procedural history.

The "right-of-way" litigation commenced more than a decade ago, in federal and state courts. By 2001, cases were pending against all the Settling Defendants (or their predecessors in interest). The cases were hotly contested and involved extensive discovery, motions practice, and other pre-trial proceedings, including interlocutory appeals. In the course of the litigation, both the plaintiffs and defendants became well informed of the strengths and weaknesses of their positions.

In the fall of 2001, certain plaintiffs and defendants agreed to a nationwide settlement that included all the claims that are the subject of this action. That proposed settlement was presented to the United States District Court for the Northern District of Illinois, before the Hon. Wayne R. Andersen, in the case styled *Smith v. Sprint Commc'ns Co.*, 99 C 3844. Other plaintiffs intervened in *Smith* and objected to the settlement.

While the *Smith* settlement was pending, an Illinois state court certified a nationwide litigation class against Sprint in a case brought by certain plaintiff's counsel here. *See Poor v. Sprint*, Case No. 99-L-421, Order (Ill. Cir. Ct. Feb. 20, 2003). The *Poor* class comprises landowners in forty-six states — including California — on whose right-of-way property Sprint was alleged to have unlawfully installed fiber-optic cable. The *Poor* class-certification order is on appeal to the Illinois Court of Appeals and the appellate proceedings have been stayed pending consummation of this and the other state settlements.

In July 2003, after proceedings in Illinois and Oregon, *see Zografos v. Qwest Commc'ns Corp.*, 225 F. Supp. 2d 1217 (D. Or. 2002), Judge Andersen preliminarily approved a revised

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 4

nationwide settlement agreement in *Smith* and enjoined all related right-of-way cases nationwide. Certain intervenors appealed Judge Andersen's preliminary approval order to the United States Court of Appeals for the Seventh Circuit. More than a year later, in October 2004, the Seventh Circuit reversed, finding inadequate representation of plaintiffs in Kansas and Tennessee state-court actions, where litigation classes had already been certified. *See Smith v. Sprint Commc'ns Co.*, 387 F.3d 612, 614-15 (7th Cir. 2004). The Seventh Circuit also lifted the injunction, and right-of-way litigation around the country resumed.[2]

Settlement discussions began anew in Chicago in late 2004. In March 2006, with negotiations stalled and litigation continuing, the parties enlisted Professor Green to mediate. By March 2007, after more than a year of mediation, the parties believed that they had reached agreements covering all forty-six states at issue.[3] On April 6, 2007, the plaintiffs filed a master complaint in the District of Massachusetts, *Kingsborough v. Sprint Commc'ns Co.,* Civil Action No. 07-10651-LTS, alleging claims on behalf of representatives of forty-six state settlement classes and two federal land-grant classes. Additional issues arose as the parties attempted to reduce their apparent agreements to writing and later as the settling defendants attempted to negotiate the terms of the railroads' involvement in the claims-administration process, which delayed until early 2008 final resolution of the agreements' substantive terms. On July 2 and 3, 2008, the parties filed a second amended class-action complaint, the final settlement papers, and a joint preliminary-approval motion.

---

[2] Thereafter, the Tennessee litigation resumed in Tennessee state court, but the Kansas state-court litigation did not go forward.

[3] The parties did not include in their negotiations Tennessee, where litigation continued; Louisiana, where a settlement was negotiated separately by other plaintiffs; and Alaska and Hawaii.

Case Number: 3:11-cv-02599-TEH     Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 5

On July 18, 2008, the *Kingsborough* court preliminarily approved the settlement.  Notice was given to class members and on November 17, 2008 a fairness hearing was held.  But on December 9, 2009, the *Kingsborough* court concluded that it lacked subject-matter jurisdiction over the settlements under the local-action doctrine.  *Kingsborough v. Sprint Commc'ns Co.,* 673 F. Supp. 2d 24, 35 (D. Mass. 2009) ("[T]he court concludes that because the claims asserted in this litigation concern solely matters relating to title to land, the court does not have jurisdiction over this matter as it relates to any properties located outside of Massachusetts.").  The *Kingsborough* court accordingly denied the final-approval motion as moot.  *Id.*

The parties returned to negotiations under Professor Green's auspices.  The parties agreed that, in order to obviate the concerns that led to a reversal in *Smith* and dismissal in *Kingsborough*, the parties would have to reach separately negotiated, state-by-state settlements and present them for approval through an action commenced in each state where the settling defendants' telecommunications facilities were located.  In late 2010, counsel for the parties reached agreement in principle on the terms of forty-six separate state settlement agreements, including the one before this Court.

On May 31, 2011, the original Complaint was filed in this case; an amended complaint was filed on August 17, 2012.  The Parties are now prepared to present the Settlement to the Court for preliminary approval, certification of the settlement class, and approval of the form and manner of notice.

## 2.     Subject-matter jurisdiction and venue.

The Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because, under federal land-grant statutes, the United States government originally granted to the railroads the rights of way at issue here.  This action therefore presents a substantial federal question.

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 6

*Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1234-36 (10th Cir. 2006) (en banc) ("We agree that the contested interpretation of the federal land-grant statutes as between these parties involves a substantial federal issue.").

The Court also has subject-matter jurisdiction under amendments to the diversity-of-citizenship and amount-in-controversy provisions of Title 28 of the U.S. Code made by the Class Action Fairness Act of 2005 ("CAFA"). Through CAFA, Congress abandoned the complete diversity requirement of 28 U.S.C. § 1332(a). Instead, CAFA provides expanded original diversity jurisdiction for class actions. Specifically, under CAFA, diversity jurisdiction exists in class actions as long as (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (2) "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater; and (3) the aggregated claims of individual class members "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2)(A); 1332(d)(5)(B); 1332(d)(6).

Here, there is no dispute that these requirements are satisfied, including through the aggregated cost of the class members' request for injunctive relief in the form of non-use and removal of a Defendant's fiber-optic-cable facilities, which would easily exceed $5,000,000. "Prior to CAFA, the Ninth Circuit rejected use of the 'either viewpoint' rule in the context of class actions based on the concern that assessing the amount in controversy from defendant's perspective was tantamount to aggregating damages." *Tompkins v. Basic Research LL*, No. CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at 4 n.9 (E.D. Cal. Apr. 22, 2008) (citing *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir.1977)). "Now, however, '[i]t is clear that CAFA overrules the circuit's position on this point insofar as qualifying class actions are concerned,' because CAFA explicitly allows aggregation of damages in determining the amount in controversy." *Id.*

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 7

(quoting *Yeroushalami v. Blockbuster, Inc.*, No. 05-CV-225, 2005 WL 2083008, *3 n.4 (C.D. Cal. Jul. 11, 2005)); *see also* S. REP. 109-14, S. Rep. No. 14, 109th Cong., 1st Sess., 2005, 2005 WL 627977, at *42-43, 2005 U.S.C.C.A.N. 3 (Leg. Hist.) (2005) ("[T]he Committee intends that a matter be subject to federal jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."); 15 *Moore's Fed. Prac.* § 102.26[1][c][iii] (3d ed.) ("CAFA's aggregation rule moots a persistent amount-in-controversy valuation issue: how to value the amount in controversy when the plaintiff seeks non-monetary relief. Because CAFA requires aggregation, the pre-CAFA non-aggregation rule requiring valuation from the plaintiff's perspective, rather than the defendant's, in class actions seeking injunctive relief does not apply. The amount in controversy in CAFA cases may be determined on the basis of the aggregate value to either the plaintiff class members or to the defendants.") (citations omitted).

Venue is proper in this District under 28 U.S.C. § 1391 in that Defendants do business and are qualified to do business in this District; a substantial part of the events giving rise to Plaintiffs' claims occurred in this District; and a substantial part of the property that is the subject of this action is situated in this District.

## 3. Settlement structure.

The California Settlement involves the claims of class members who own property adjacent to or underlying a right of way that a railroad originally acquired under a federal land-grant statute or by a private conveyance. In California, there are approximately 528 miles of rights of way acquired through private conveyances at issue, 2,184 miles of "pre-1875 land-grant" rights of way at issue, and 1,468 miles of "1875 land-grant" rights of way at issue.

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 8

Beginning in the mid-1800s, to encourage and facilitate the building of transcontinental railroads, Congress employed the technique of granting railroads not only right-of-way corridors but also ownership of alternating sections of the public lands on either side of those corridors. Generally, pre-1871 land grant acts conveyed alternating fee interests to the railroads through the familiar "checkerboard" land-grant scheme. *See, e.g.*, *Home on the Range v. AT&T Corp.*, 386 F. Supp. 2d 999, 1007 n.5 (S.D. Ind. 2005) ("The 1862 Act, like many of the 19th century railroad right-of-way grants, divided the land surrounding the grant into alternating 'checkerboard' tracts, typically of one square mile each, with odd-numbered tracts granted outright to the railroad and even-numbered tracts reserved to the government for public sale and/or homesteads."). Congress significantly altered this practice through subsequent legislation. In 1875, Congress passed the General Right of Way Act, 18 Stat. 482; it did not include a grant of lands.

Whether a railroad received merely an easement or a fee-interest in land conveyed under a particular federal land-grant statute has been a contentious issue in right-of-way litigation and in settlement negotiations between the Parties. The answer to that question derives from federal law construing the federal statutes. The Parties negotiated the amounts to be paid under the Settlement based on their divergent views of the relative strengths or weaknesses of the claims under federal law related to rights derived from federal land-grant legislation.

In negotiating the level of private-conveyance benefits, the issues taken into account included: the rules that determine whether railroads hold fee title to their rights of way in California or only easement interests; whether a right-of-way easement granted to a railroad is broad enough to permit the railroad to license third-party telecommunications use of the property; the length of the applicable statute of limitations; whether a theory of continuing

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 9

trespass could provide the basis for the assertion of additional claims after original claims were barred; whether the telecommunications companies had the power of eminent domain; whether inverse condemnation was an exclusive remedy; and the applicable measure of damages for trespass and inverse condemnation.

## 4.      Principal Settlement terms.

The Settlement fully resolves the litigation between the members of the settlement class and the Settling Defendants arising out of the installation, maintenance, and use of fiber-optic cable in California railroad rights of way.  The Settlement and the exhibits to it (including identification of the settled right-of-way corridors, proposed orders, notices, claim forms, easements, releases, and the list of released right-of-way providers) are attached as Exhibit 1.[4] The proposed preliminary-approval order is attached as Exhibit 2.

## A.      Claim submission and cash benefits.

All class members are required to complete, sign, and submit a claim form to the Claims Administrator.  Settlement § X.A.2; *see* Ex. 1, Tab G (claim form).  With the claim form, class members must provide a deed or certificate of title that (1) shows they own land next to a right of way and (2) includes the land's legal description.  Settlement § II.B.1.  Additional requirements apply to claims for 1875 land-grant benefits and pre-1875 land-grant non-section benefits.  To obtain those benefits, class members must also submit a patent[5] to a predecessor in interest

---

[4] These documents comprise all the agreements made in connection with the proposed Settlement.  *See* Rule 23(e)(3).

[5] The patent requirement does not apply to claims for 1875 Land-Grant Benefits that are based on fewer than 500 feet of right-of-way frontage, to claims for Pre-1875 Land-Grant Non-Section benefits that are based on fewer than 1000 feet of right-of-way frontage, or to claims for Pre-1875 Land-Grant Section Benefits.  Patents are generally available online at: http://www.glorecords.blm.gov/PatentSearch/.  Additionally, class members seeking Land-

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 10

demonstrating that the federal government conveyed the cable side[6] of the right of way without retaining the government's property interest in the right-of-way land.  Settlement § II.B.2 and 3.

California class members who own property adjacent to non-land-grant rights of way and submit a qualified claim will be paid $0.75 per foot.  Settlement Definitions (defining "California Non-Land-Grant Benefits").  Class members who own property adjacent to pre-1875 land-grant section rights of way and submit qualified claims will be paid $0.13 per foot, Settlement Definitions (defining "California Pre-1875 Land-Grant Section Benefits").  Settlement § II.B.3.  Qualifying pre-1875 land-grant non-section claimants will receive $0.26 per foot, Settlement Definitions (defining "California Pre-1875 Land-Grant Non-Section Benefits"), and 1875 land-grant claimants will receive $0.52 per foot.  Settlement Definitions (defining "California 1875 Land-Grant Benefits").

All California class members adjoining land-grant rights of way can qualify for the higher "private conveyance" or "non-land-grant" benefits.  They can do so by showing that a predecessor in title acquired the land adjoining or underlying the right of way before the railroad acquired any rights under the applicable land-grant statute.

A qualified claimant that has owned the property adjoining the rights of way throughout the entire compensation period — i.e., the period commencing with the installation of the fiber-optic cable, *see* Settlement Definitions (defining "Compensation Period" and "Construction Date") — receives the entire amount of benefits attributable to the rights of way.  Settlement

---

Grant Benefits may utilize a service that will locate the patent for a nominal fee that is only paid out of the proceeds of a successful claim.

[6] The term "cable side" refers to side of the center line of the right of way on which a Settling Defendant has installed its fiber-optic cable and related equipment.  Settlement Definitions.

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 11

§ II.C.2.  If there are both current and prior owners of the property, the attributable benefits are allocated *pro rata* based on their respective periods of ownership.  Settlement § II.C.2.

**B.    Funding.**

Under the terms of the Settlement, the Claims Administrator will establish an administrative account from which the costs of providing notice and other administrative costs will be paid.  Settlement § III.B.1.  The Settling Defendants will make an initial deposit, in an amount to be determined by the Claims Administrator, into the account within ten days of preliminary approval.  Settlement § III.B.2.  The Settling Defendants will thereafter make such additional deposits as the Claims Administrator deems necessary for the reasonable expenses of settlement administration.  Settlement § III.B.2.  Settlement class members will not be responsible for any claims-administration costs.  Settlement § III.B.3.

Within thirty days of final approval, the Settling Defendants will make an initial deposit, in amount to be determined by the Claims Administrator, into a settlement account.  Settlement § III.A.1.  Those funds will be used to pay class-member compensation as previously described. The Settling Defendants will thereafter make such additional deposits, as directed by the Claims Administrator, to provide ongoing funding sufficient to pay qualified class-member claims in a timely fashion.  Settlement § III.A.1.  Any balance in the settlement account — after all contemplated payments — will be refunded to the Settling Defendants, with interest.  Settlement § III.A.1.

**C.    Grant of easement and release.**

All class members who do not opt out will release each Settling Defendant who owns telecommunications facilities in a railroad right of way adjacent to the class member's property. Settlement § IV.B.1; *see* Ex. 1, Tabs J (current-landowner release) and J(1) (prior-landowner

Case Number: 3:11-cv-02599-TEH       Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

release).  The released parties will include the Settling Defendants, any person using the telecommunications facility of a Settling Defendant, and the railroads.  Settlement Definitions (defining "Released Parties"); *see* Ex. 1, Tab L (list of released California right-of-way providers).

All current landowners who do not opt out also will convey an easement to each Settling Defendant who owns telecommunications facilities in a railroad right of way adjacent to the class member's property.  Settlement § IV.C.1; *see* Ex. 1, Tab H (easement).  Under Rule 70, the Court's final-approval order will direct the Claims Administrator to execute and convey to each Settling Defendant an easement on behalf of those current-landowner class members who do not personally execute and deliver the easement.  Settlement § VIII.A.1.(i); *see* Ex. 1, Tab I (Claims Administrator easement deed).  The Court also will be asked to enter an easement deed, which the Settling Defendants or Settlement Class Counsel may record.  Settlement § VIIIA.1.(k); *see* Ex. 1, Tab K (easement deed by court order).

The easements grant the Settling Defendants, and their successors and assigns, a non-exclusive, perpetual easement in the right-of-way property for the presence of the fiber-optic cable and related equipment.  Specifically, the easements provide for a Settling Defendant's right to be on the right of way where its telecommunications equipment currently is located or subsequently moved, extending no more than ten feet on each side of a Settling Defendant's telecommunications cable system.  *See* Ex. 1, Tab H at 1-2.  The scope of the easements does not permit the installation of large structures, cell towers, or other components of a primarily above-ground telecommunications system.  *See* Ex. 1, Tab H at 2.  The easements also provide for the right of reasonable ingress and egress to and from the right of way.  *See* Ex. 1, Tab H at 2.

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 13

**D.      Claims administrator.**

The Claims Administrator — Rust Consulting, Inc. of Minneapolis, Minnesota — will establish, conduct, and manage the claims-administration process.  Settlement Definitions (defining "Claims Administrator") and § V.A.1.  The Claims Administrator will carry out its responsibilities in the most economical and cost-effective manner consistent with the Settlement.  Settlement § V.A.1.  Among the Claims Administrator's responsibilities are: (1) communicating with class members concerning settlement procedures and claims, Settlement § V.A.2; (2) processing and tabulating requests for exclusion from settlement classes, Settlement § V.A.3; and (3) receiving, processing, classifying, and reviewing claims for benefits, Settlement § V.A.4.

**E.      Preliminary approval.**

With respect to preliminary approval, the Settlement provides for the Parties to move the Court to, inter alia:

(1)      appoint William and Linda Nelson, Dirk and Carol Regan, Jacquelyn Sheldrick, Glenn L. Boom, and Todd Smith as Class Representatives;

(2)      appoint Settlement Class Counsel;

(3)      provisionally certify the California class under Rules 23(b)(3) and 23(e), and preliminarily approve the Settlement for purposes of issuing notice to class members;

(4)      schedule the fairness hearing, opt-out deadline, objection deadline, claim deadline, and any other related dates and deadlines for inclusion in the notice; and

(5)      approve the form and content of the notice.  *See* Ex. 1, Tabs C (long-form individual notice) and D (short-form publication notice).  Settlement § VI.A.

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 14

## F.      Opt-out rights.

The Settlement class is an opt-out class under Rules 23(b)(3) and 23(c)(2), and any class members may elect to exclude themselves from it.  Settlement Definitions (defining "Settlement Class"); Settlement Definitions (defining "Opt-Out Deadline").  The Settling Defendants have the right to withdraw from the agreement for excessive opt-outs, but must exercise that right before the fairness hearing.  Settlement § VII.B.3.

## G.      Final approval.

The Settlement is subject to and conditioned upon the issuance by the Court, following the fairness hearing, of a Final Order and Judgment granting final approval in accordance with Rule 23(e), and other specified relief.  Settlement § VIII.A; *see* Ex. 1, Tab E (proposed form of Final Order and Judgment).  Among the relief provided for in the Final Order and Judgment is for the Court to: (1) approve the Settlement in all respects; (2) confirm the certification of the Settlement class under Rules 23(b)(3) and 23(e) for settlement purposes only; (3) determine that the Settlement is fair, reasonable, adequate, and in the best interests of class members; (4) release the Settling Defendants and other released parties from the Settlement claims, dismiss the Settlement claims, and bar and enjoin future suits arising out of the Settlement claims; and (5) direct the Claims Administrator to execute an easement under Rule 70 on behalf of all class members.  Settlement § VIII.A.

## H.      Claims processing and payment of compensation to Class members.

Promptly after the Order and Judgment becomes Final, the Claims Administrator will mail notice to class members.  Settlement § X.A.1; *see* Ex. 1, Tab F (notice of final approval).[7]

---

[7] Under the Settlement, "Final" means:  "with respect to an order or judgment, that no timely appeals have been taken or that all appeals or other rights of review have been exhausted and

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

To be eligible for benefits under the Settlement, class members must submit, before the claims deadline, an executed claim form and required accompanying documents.  Settlement § X.A.2.  Class members have 120 days to submit their claims and supporting documentation.  Settlement § X.A.2.

The Claims Administrator will process all claims and notify the Settling Defendants of those that tentatively qualify.  Settlement § X.B.1.  For claims that do not qualify, the Claims Administrator will notify the claimant, explain why the claim did not qualify, and identify supplemental information that could support a request for reconsideration, which the Settlement expressly authorizes.  Settlement § X.B.4.  A Settling Defendant will have sixty days to meet its burden of showing that no benefits are attributable to a claim by showing that the class member or a predecessor in title expressly granted the Settling Defendant permission to use the right of way for telecommunications purposes.  Settlement §§ X.B.2 and II.B.6(a).  Upon return of a properly executed release and easement, any class member who has submitted a qualified claim will be paid.  Settlement § X.B.5.

**I.     Value of the Settlement and attorneys' fees.**

Plaintiffs' counsel estimate that the gross value of the Settlement is approximately $14,213,000.  A minimum of approximately $8,370,000 in cash compensation is available for class members to claim.  The base amount is derived by multiplying the number of feet of right of way covered by the Settlement by applicable benefit amounts.  As explained more fully below, the gross value of the Settlements also includes attorneys' fees and expenses of approximately $2,901,000, which the Settling Defendants have agreed to pay separately.  In

that the order or judgment has not been vacated, reversed, or modified as a result."
Settlement Definitions.

Case Number: 3:11-cv-02599-TEH     Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 16

addition, the administrative costs that the Settling Defendants anticipate incurring to create and update the landowner database, issue notice, implement the settlement, and manage the claim process in California are estimated at approximately $2,942,000.

Upon final approval, Settlement Class Counsel may apply for, and the Settling Defendants will not object to, an award of attorneys' fees and expenses in a maximum aggregate amount of up to $2,901,000.  Settlement Definitions (defining "Maximum Attorneys' Fee Award"); Settlement § III.E.1.  The Settling Defendants have undertaken no obligation to pay an award of attorneys' fees or expenses exceeding that amount.  Settlement § II.E.4.  The fees and expenses will not be paid from the Settlement fund and will not reduce the amount of cash benefits available to any class member.  The awarded fees will be paid into an escrow account, Settlement § II.E.2, and allocation of the attorneys' fees and expenses among Settlement Class Counsel and counsel in other right-of-way cases, *see* Settlement §§ II.E.3 and II.E.4, will be addressed in a motion for an award of attorneys' fees and expenses to Settlement Class Counsel and incentive payments to Class Representatives, which will be filed contemporaneously with the motion for final approval of the settlement.

## 5.     The Court should certify the Settlement class.

### A.     The Settlement class satisfies the four prerequisites for certification under Rule 23(a).

"Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')."  *Amchem Products, Inc. v. Windsor*,

Case Number: 3:11-cv-02599-TEH        Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

521 U.S. 591, 613 (1997).  In *Amchem*, the United States Supreme Court recognized that "[s]ettlement is relevant to class certification."  *Id.* at 619.  Specifically, the Supreme Court explained:  "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."  *Id.* at 620 (citing Fed. R. Civ. P. 23(b)(3)(D)).  "In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)."  *Id.* at 614.

Cognizant of this class-action jurisprudence, courts have certified settlement-only classes in similar litigation.  *See, e.g.*, *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, No. IP00-1232-C-B/S, 2001 WL 987840, at *9 (S.D. Ind. Aug. 28, 2001), *aff'd*, 309 F.3d 978 (7th Cir. 2002) (multi-state fiber-optic-cable right-of-way litigation); *Hinshaw v. AT&T Corp.*, No. 29D01 9705-CP-000308, 1998 WL 1799019 (Ind. Super. Aug. 24, 1998) (nationwide fiber-optic-cable right-of-way litigation).  Indeed, five other federal district courts, including two in the Ninth Circuit, have given final approval to their state-specific versions of this Settlement, following preliminarily approval, certification of the settlement classes, and approval of the form and manner of notice.  The preliminary and final approval orders from the federal courts in Idaho (*Koyle v. Level 3 Commc'ns, Inc.*); Illinois (*McDaniel v. Qwest Commc'ns Corp.*); Alabama (*Moore v. Sprint Commc'ns Co.*); North Dakota (*Nudell v. BNSF Railway Co.*), and Montana (*Amunrud v. Sprint Commc'ns Co.*) are attached as Exhibits 3 through 12.  Another twenty-three federal district courts — in Wyoming, Kansas, Nebraska, Oklahoma, Arkansas, West Virginia, Colorado, Michigan, Maryland, New Jersey, Minnesota, Indiana, Georgia, Wisconsin, Iowa, Virginia, Florida, New York, North Carolina, Utah, Vermont, Mississippi, and Missouri — and one state court — in Delaware — have also granted preliminary approval to their state-specific

Case Number: 3:11-cv-02599-TEH        Joint Notice of Motion, Joint Motion for Certification of Settlement Class,
                                       Preliminary Approval of Class-Action Settlement, and Approval of Form and
                                       Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in
                                       Support

Page 18

versions of the settlement.  *See* Ex. 13 (*Legacy Ranch, LLP. v. Sprint Commc'ns Co.*); Ex. 14 (*Cox v. Sprint Commc'ns Co.*); Ex. 15 (*Ramsey v. Sprint Commc'ns Co.*); Ex. 16 (*Weathers v. Sprint Commc'ns Co.*); Ex. 17 (*McDaniel v. Sprint Commc'ns Co.*); Ex. 18 (*Hess v. Sprint Commc'ns Co.*); Ex. 19 (*Barr v. Qwest Commc'ns Co.*); Ex. 20 (*Coghlan v. Sprint Commc'ns Co.*); Ex. 21 (*Payne v. Sprint Commc'ns Co.*); Ex. 22 (*Jones v. Sprint Commc'ns Co.*); Ex. 23 (*9-M Corp. v. Sprint Commc'ns Co.*); Ex. 24 (*M&N Suits Farms, Inc. v. Sprint Commc'ns Co.*); Ex. 25 (*Tedder v. WilTel Commc'ns*); Ex. 26 (*Ford v. Sprint Commc'ns*); Ex. 27 (*Flynn v. Sprint Commc'ns Co.*); Ex. 28 (*Reid v. Sprint Commc'ns*); Ex. 29 (*K & D Investments v. Sprint Commc'ns Co.*); Ex. 30 (*Vormwald v. Sprint Commc'ns Co.*); Ex. 31 (*Ferris v. Sprint Commc'ns Co.*); Ex. 32 (*Main Towers Assocs. v, Sprint Commc'ns Co.*); Ex. 33 (*Moyle v. Sprint Commc'ns Co.*); Ex. 34 (*North Williston Cattle Co. Sprint Commc'ns Co.*); Ex. 35 (*Bethea Sprint Commc'ns Co.*); and Ex. 36 (*Cirese Investment Co. Sprint Commc'ns Co.)* (hereinafter "Preliminary Approval Orders").

As set forth below, the settlement-only class for which the Parties seek certification satisfies the requirements of Rules 23(a) and (b)(3).

(1)    *Numerosity is satisfied*.

Under Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations."  *General Tel. Co. of the Northwest, Inc. v. Equal Emp't Opportunity Comm'n*, 446 U.S. 318, 330 (1980).  The class here is likely to comprise hundreds of individuals, easily satisfying numerosity.

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 19

(2)     *Commonality is satisfied.*

Under Rule 23(a)(2), there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (internal quotation marks and citation omitted). "Rule 23(a)(2)'s 'commonality' requirement is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions." *Amchem*, 521 U.S. at 609. The Ninth Circuit in particular construes Rule 23(a)(2) "permissively" and has described the "commonality preconditions of Rule 23(a)(2)" as "less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, commonality is satisfied. Each Settling Defendant's common course of conduct in installing fiber-optic cable in railroad rights of way under agreements with railroads, without paying compensation to the adjacent landowners, provides a common issue out of which myriad common questions of fact and law arise. Commonality also is satisfied here because the main legal and factual issues are common for all class members. *See Koyle* Preliminary Approval Order ¶ 3.b ("There are questions of law and fact common to members of the Settlement Class, including the central question of their right to compensation for Settling Defendants' occupation of Rights of Way with Telecommunications Cable Systems."); *see also* Preliminary Approval Orders ¶ 3.b (same, except for Florida Preliminary Approval Order, which is ¶ 4.b).

(3)     *Typicality is satisfied.*

Under Rule 23(a)(3), "the claims or defenses of the representative parties" must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality means that "[a] litigant must be a member of the class which he or she seeks to represent at the time the

Case Number: 3:11-cv-02599-TEH     Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 20

class action is certified by the district court." *Sosna v. Iowa*, 419 U.S. 393, 403 (1975). "The typicality requirement looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1102, 1124 (9th Cir. 2010) (internal quotation marks and citation omitted). Typicality plainly is satisfied here where the class representatives' claims arise directly out of each Settling Defendant's allegedly wrongful installation of fiber-optic cable on their property.

(4)     *Adequacy of representation is satisfied.*

Under Rule 23(a)(4), the representative parties must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. [A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem*, at 625-65 (internal quotation marks and citations omitted).

"The adequacy-of-representation requirement tend[s] to merge with the commonality and typicality criteria of Rule 23(a), which serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. The adequacy heading also factors in competency and conflicts of class counsel." *Amchem*, 521 U.S. at 626 n.20 (internal quotation marks and citation omitted).

Case Number: 3:11-cv-02599-TEH        Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 21

Here, there is no suggestion that the Named Plaintiffs' interests in any way conflict with those of the class members. Indeed, the Named Plaintiffs' interests and the class members' interests are aligned. There is no conflict of interest, and the Named Plaintiffs will adequately prosecute this action.

**B.    The Class satisfies the predominance and superiority requirements of Rule 23(b)(3).**

(1)    *Predominance is satisfied.*

In addition to satisfying the prerequisites of Rule 23(a), the class action must also be maintainable under Rule 23(b)(1), (2), or (3). Here, the Parties seek certification of the Settlement class under Rule 23(b)(3). That Rule provides that the Court must find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 594 (citation omitted). Inasmuch as this is a settlement-only class action, however, Rule 23(b)(3)(D), relating to manageability, is inapposite: "Rule 23(b)(3)(D), for example, states that 'the difficulties likely to be encountered in the management of a class action' are pertinent to the predominance inquiry. Nonetheless, when '[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.'" *Amchem*, 521 U.S. at 620.

In *Ostler v. Level 3 Communications, Inc.*, Cause No. IP 00-0718-C H/K, 2002 WL 31040337 (S.D. Ind. Aug. 27, 2002), the district court denied certification of a statewide fiber-

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 22

optic-cable right-of-way litigation class against Level 3 under Rule 23(b)(3) solely on

manageability grounds, but reasoned that a settlement class would be certifiable.

> The court's analysis of the class issue in this case would not necessarily extend to a settlement class of the same definition. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, . . .  for the proposal is that there be no trial."  In fact, this court has certified several statewide settlement classes in very similar cases involving fiber optic cable laid by AT&T along abandoned railroad corridors, as part of a multidistrict litigation, *In re AT&T Fiber Optic Cable Litigation,* MDL No. 1313.

*Id*. at *9 n.3 (quoting *Amchem*, 521 U.S. at 620).  That reasoning applies with equal force here.

Indeed, the twenty-nine other courts that have granted preliminary approval of what is essentially

the same settlement agreement as here, found the predominance requirement satisfied:

> In light of the agreement to settle the Action and the resulting elimination of individual issues that the Settling Defendants contend precludes certification of a litigation class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy, satisfying Rule 23(b)(3).

Preliminary Approval Orders ¶ 4 (except for Florida Preliminary Approval Order, which is ¶ 5).

(2)     *Superiority is satisfied*.

Finally, the proposed class satisfies Rule 23(b)(3)'s superiority requirement.  The factors

relevant to the inquiry include: "(A) the class members' interest in individually controlling the

prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning

the controversy already begun by or against class members; (C) the desirability or undesirability

of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties

in managing a class action."  Fed. R. Civ. P. 23(b).

Case Number: 3:11-cv-02599-TEH        Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 23

The superiority (and predominance) requirements of Rule 23 were added "to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem*, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3) Adv. Comm. Notes to 1966 Amendment); *see also In re Wells Fargo Home Mortgage*, 571 F.3d 953, 958 (9th Cir. 2009) (quoting *Amchem*). In *Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, the Ninth Circuit explained that this requirement was easily satisfied, where the case "involve[d] multiple claims for relatively small individual sums." 244 F.3d 1152, 1163 (9th Cir. 2001). The court concluded that "[i]f plaintiffs cannot proceed as a class, some — perhaps most — will be unable to proceed as individuals because of the disparity between their litigation costs and what they hope to recover." *Id.* For the same reasons that twenty-nine other courts have found the superiority requirement satisfied, it is satisfied here as well. Preliminary Approval Orders ¶ 4 (except for Florida Preliminary Approval Order, which is ¶ 5).

## 6. The Court should preliminarily approve the Settlement.

There is an "overriding public interest in settling and quieting litigation" and "[t]he Ninth Circuit is firmly committed to the rule that the law favors and encourages compromise settlements." *Camacho v. City of St. Luis*, 359 F.App'x 794, 796 (9th Cir. 2009) (quoting *Ahern v. Cent. Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1998)). Indeed, the federal policy "to promote settlement" is "particularly true in class action suits." *In re The Exxon Valdez*, 229 F.3d 790, 795 (9th Cir. 2000).

Among the factors to be considered on preliminary approval are: "(1) the risk, expense, complexity, and likely duration of further litigation;" . . . (3) the amount offered in settlement;

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 24

(4) the extent of discovery completed and the stage of the proceedings." *Hanlon*, 150 F.3d at 1026. Notably, "[a]t the preliminary approval stage, the judge must either approve or disapprove the settlement. He cannot rewrite the agreement." *Id.*

At the same time, where, as here, "class counsel negotiates a settlement agreement before the class is even certified, courts 'must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations.'" *Dennis v. Kellogg Co.*, --- F.3d ---, 2012 WL 3800230, at *4 (9th Cir. Sept. 4, 2012) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)). "In such a case, settlement approval 'requires a higher standard of fairness' and 'a more probing inquiry than may normally be required under Rule 23(e).'" *Id.* (quoting *Hanlon*, 150 F.3d at 1026).

Here, the Settlement was reached after extensive discovery, litigation, and appeals in many different suits against the Settling Defendants in courts around the country. A state court in Illinois has certified a nationwide litigation class against Sprint. The proposed Settlement was reached after extraordinarily lengthy and painstaking arm's-length negotiations and mediation. The proposed Settlement's cash compensation and other benefits are within the range of reasonableness for a fiber-optic-cable right-of-way class-action settlement. And the proposed attorneys' fees are reasonable as well, falling squarely within this Circuit's fee-award parameters. For all those reasons, and as set forth below in more detail, there is no indicia of collusion here and the Court should preliminarily approve the Settlement.

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 25

**A.    The Settlement was reached after extensive discovery and litigation, consideration of the prospects if the case were tried, and extraordinarily lengthy and painstaking arm's-length negotiations.**

The history of the right-of-way litigation that is the subject of the Settlement spans back to the 1990s.  In litigation in state and federal courts against the Settling Defendants, Plaintiffs' counsel here obtained and reviewed in discovery nearly 900,000 pages of documents; an additional 2.7 million pages were produced by the railroads.  Those counsel took or defended more than three dozen depositions.

With this backdrop, the Parties began their negotiations following the Seventh Circuit's reversal of the proposed *Smith* settlement.  Those negotiations were punctuated by the Seventh Circuit's adequacy-of-representation concerns arising out of the exclusion from the initial negotiations of counsel for already-certified litigation classes.  Further negotiations followed the *Kingsborough* dismissal, predicated on the local-action doctrine.  The Parties were assisted by Professor Green, who, in multiple mediation sessions finally helped bridge the gaps and reach the Settlement that is now before the Court.  In short, all indicia point to a Settlement that was reached after extensive discovery, with due consideration of the Parties' prospects going forward, and in hard-fought, arm's-length negotiations.

**B.    Cash compensation under the Settlement is within the range of reasonableness.**

The Parties bargained hard and reached agreement on different cash-compensation levels for the differing types of rights of way — i.e., private conveyance and land grant, based on California law and the applicable federal land-grant statutes.  California non-land-grant benefits are $0.75 per foot.  Although that amount is lower than amounts obtained in settlement of fiber-optic-cable right-of-way claims in other jurisdictions, *see In re AT&T Fiber Optic Cable Installation Litig.*, 1:98-cv-1300-DFH-TAB (S.D. Ind.) (settling fiber-optic-cable right-of-way

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 26

claims nationwide at gross range of $1.40 to $2.60 per foot, for gross weighted average of $2.00 per foot, before claims-related discounts); *Uhl*, 2001 WL 987840 (settling fifteen-state class at base compensation level of $1.14 per foot and non-cash compensation), it is within the range of reasonableness for a jurisdiction like California, where the law is especially unfavorable; indeed California law arguably forecloses Plaintiffs' claims.  *See City of Long Beach v. Pac. Elec. Ry. Co.*, 283 P.2d 1036, 1036 (Cal. 1955) ("[A] railroad may use its right of way for many commercial purposes unless specifically prevented from so doing."); *Anderson v. Time Warner Telecommc'ns of Cal., Inc.*, 28 Cal. Rptr. 3d 289 (Cal. Ct. App. 2005) (by statute — Cal. Pub. Util. Code § 7901 — authorizing telecommunications corporations to use public highways to install their lines, telephone company had right to use public highways to install, operate, and maintain fiber-optic network, without proof that fiber-optic facilities were used for furnishing services to the public); *People ex rel. Dept. of Transp. v. S. Pac. Transp. Co.*, 84 Cal. App. 3d 315, 322 (Cal. Ct. App. 1978) (railroad right of way is "a perpetual highway of travel and commerce") (internal quotation marks and citation omitted); *id*. at 321 (railroad can use right of way "for any purpose the railroad deems beneficial.").  California non-land-grant compensation also is within the range of the non-land-grant compensation amounts in the 5 settlements that have received final approval and the 24 settlements that have received preliminary approval, which amounts range from $0.21 per foot (Arkansas, Florida, North Carolina, and Vermont) to $2.28 per foot (Idaho, Missouri, and North Dakota).

Pre-1875 land-grant section class members can receive $0.13 per foot of right of way; pre-1875 land-grant non-section benefits are $0.26 per foot; 1875 land-grant benefits are $0.52 per foot.  The per-foot land-grant figures reflect the defenses available to the Settling Defendants under the statutes and case law interpreting them, and the risk that a dispositive motion could

Case Number: 3:11-cv-02599-TEH     Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 27

lead to the defeat of all land-grant-based claims.  All land-grant class members are also allowed to seek the higher non-land-grant benefits, provided they can meet the Settlement's requirements, discussed above.

**C.    The proposed attorneys' fees are reasonable.**

Settlement Class Counsel may seek from the Court an aggregate cash award of attorneys' fees and expenses of up to $2,901,000 as compensation for services provided to, and expenses advanced on behalf of, the Settlement class.  The Settling Defendants will not object to Settlement Class Counsel's application for an aggregate award of fees and expenses in that amount.  *See* Settlement § III.E.1.

In the Ninth Circuit, "[t]wo methods are available for determining attorneys' fees in 'common-fund' cases: (1) the percentage method and (2) the lodestar method."  *Shaffer c. Cont'l Cas. Co.*, 362 F.App'x 627, 631 (9th Cir. 2010).  Indeed, the district court "exercise[s] . . . broad discretion" to determine and calculate a reasonable attorneys' fee.  *See Yeagley v. Wells Fargo & Co.*, 365 F.App'x 886, 887 (9th Cir. 2010) (citing *Hanlon*, 150 F. 3d at 1029).  The district court "has discretion to use either a percentage or lodestar method."  *Hanlon*, 150 F.3d at 1029 (citation omitted).

Under the percentage-of-the-fund approach, the agreed-to attorneys'-fee request is reasonable as a matter of law.  Under that approach, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorneys' fees and expenses, and the expenses of administration.  *See Boeing v. Gemert*, 444 U.S. 472, 480 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he

Case Number: 3:11-cv-02599-TEH        Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 28

presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.").

Plaintiffs' counsel estimate that the agreed-to $2,901,000 fee-and-expense award is 20 percent of the entire fund and costs of administration, inclusive of attorneys' fees. Plaintiffs' counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $8,370,000 would be paid to qualifying class members, assuming that no land-grant class members seek the higher non-land grant benefits. (To the extent those class members do seek and receive the higher amounts, the amount available to the class will increase.). When estimated administrative costs of $2,942,000 — to be borne by the Settling Defendants — and the agreed-to attorneys' fees of $2,901,000 are factored in, the gross value of the Settlements is approximately $14,213,000.

At 20 percent of the value of the fund as a whole, the fee-and-expense award would be well within the range of reasonable percentage-fee awards in this Circuit. *See, e.g.*, *Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("We have established a 25 percent 'benchmark' in percentage-of-the-fund cases that can be adjusted upward or downward to account for any unusual circumstances involved in [the] case.") (internal quotation marks and citation omitted); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) ("[t]wenty-five percent is the 'benchmark' that district courts should award in common fund cases"). In the five similar right-of-way settlements that have received final approval, the courts in Idaho, Illinois, Alabama, North Dakota, and Montana approved fee awards to class counsel ranging from 17 to 24 percent of the fund. A 20-percent fee award here would fairly compensate Settlement Class Counsel for their decade-long effort to settle this litigation, and would not remotely approach the type of "windfall" against which *Bluetooth*

Case Number: 3:11-cv-02599-TEH        Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 29

warns.  *Bluetooth*, 654 F.3d at 942.  Accordingly, the Court should preliminarily approve the unopposed fee-and-expense award of $2,901,000 here, which figure will appear in the notice.

## 7.     The Court should approve the form and manner of notice.

Under Rule 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  The notice given must be "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Additionally, "the notice must reasonably convey the required information . . . and it must afford a reasonable time for those interested to make their appearance."  *Id.* (citations omitted).

The notice program for which approval is sought is similar to the program that was used for the twenty-four settlement agreements that were preliminarily approved between January and June 2012.  It would provide coordinated notice of the parallel state-settlements for which the parties intend to seek preliminary approval in the latter half of 2012.  The coordination will:  (1) enable the parties to use national media for the published notice; (2) result in better notice to class members who reside outside the state where their property is located; (3) avoid possible confusion created by multiple published notices on top of the nationwide notice published in *Kingsborough* in 2008; and (4) provide the most cost-effective notice.

The settlements will include a uniform date by which class members in California and other states may opt-out from inclusion in their respective classes or object to the settlement. The uniform opt-out date will permit a single published notice, in the form of Exhibit D to the

Case Number: 3:11-cv-02599-TEH       Joint Notice of Motion, Joint Motion for Certification of Settlement Class,
Preliminary Approval of Class-Action Settlement, and Approval of Form and
Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in
Support

Page 30

Settlement Agreement, for all settlements for which preliminary approval has been obtained. That date will be forty-five days after the date on which notice is mailed to class members.

The parties project that they will be able to obtain preliminary approval of the remaining coordinated settlements by late January 2013. This would enable Kinsella Media to place orders for the publication of the Summary Notice in periodicals that will issue in March 2013. Publication would follow mailing of the long-form Notice, in the form of Exhibit C to the Settlement Agreement, to all identified class members. If preliminary approvals are received by late January 2013, the Claims Administrator would mail Notice at the end of February 2013.

The mailed long-form Notice and the published Summary Notice will include the date of the final fairness hearing for each included settlement. Based on the amount of time afforded for opt-outs and objections, for the Claims Administrator to report on Class Members who opt out, and the for the parties to respond to objections, final fairness hearings for settlements preliminarily approved by January 20, 2013 may be scheduled for any date after June 8, 2013.

Accordingly, the Parties seek the Court's approval to include the uniform opt-out and objection deadline in the long-form Notice and the Summary Notice. The deadline for each will be forty-five days from the initial mailing of the long-form Notice for the remaining coordinated settlements.

The proposed form and manner of notice easily satisfies the requirements of Rule 23(c)(2). As set forth in more detail in the Declaration of Katherine Kinsella, of Kinsella Media LLC (attached as Exhibit 37), the proposed notice program has two principal elements — (1) individual mailed long-form notice to all practicably identifiable class members and (2) publication of a summary notice in national media — coupled with a website where those documents and additional information will be available, as well as a toll-free telephone number

Case Number: 3:11-cv-02599-TEH    Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 31

to reach the Claims Administrator's offices.  When all class members cannot be identified

through reasonable efforts, the best notice practicable standard may be satisfied by individual

notice to those class members who reasonably can be identified and by published notice to the

other class members.  *See* 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure*, *Fed. Prac. & Proc. Civ*. § 1793 (3d ed.) ("In this regard the court has great discretion

and flexibility in determining what is the most practical notice under the circumstances for

purposes of meeting the requirements of due process.  For example, the court may devise a

scheme that provides for some combination of published notice and mailed individual notices.")

(citations omitted).  Here, the mailed and published notice together readily satisfy the "best

notice practicable under the circumstances" standard of Rule 23(c)(2).

# CONCLUSION

For the preceding reasons, the Court should certify the Settlement class, preliminarily

approve the Settlement, and approve the form and manner of notice.

Dated this 5th day of September, 2012.          Respectfully submitted,

/s/ Eric E. Caugh
ERIC E. CAUGH (*pro hac vice*)
**ZELLE HOFMANN VOELBEL**
**& MASON LLP**
500 Washington Avenue South, Suite 4000
Minneapolis, MN  55415
Telephone: (612) 339-2020
Facsimile: (612) 336-9100
E-Mail: ecaugh@zelle.com

Case Number: 3:11-cv-02599-TEH     Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 32

CRAIG C. CORBITT (Cal. SBN 83251)
**ZELLE HOFMANN VOELBEL**
**& MASON LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
E-Mail: ccorbitt@zelle.com

JEFFREY M. FORSTER (Cal. SBN 505190)
160 West Clara Street, Suite 1100
San Jose, CA  95113
Telephone: (408) 977-3137
Facsimile: (408) 977-3141
E-Mail: jfostr@pacbell.net

STEVEN R. LEVY (Cal. SBN 103164)
17670 Woodland Avenue
Morgan Hill, CA  95037
Telephone: (408) 274-7000
Facsimile: (408) 274-9000
E-Mail: slevy@bigfoot.com,
         stevelevy@verizon.net

WILLIAM T. GOTFRYD (*pro hac vice*)
**SUSMAN, HEFFNER & HURST LLP**
30 North LaSalle Street, Suite 1210
Chicago, IL  60602
Telephone: (312) 346-3466
Facsimile: (312) 346-2829
E-Mail: wtglawproj@aol.com

ARTHUR T. SUSMAN (*pro hac vice*)
**SUSMAN, HEFFNER & HURST LLP**
30 North LaSalle Street, Suite 1210
Chicago, IL  60602
Telephone: (312) 346-3466
Facsimile: (312) 346-2829
E-Mail: asusman@shhllp.com

Case Number: 3:11-cv-02599-TEH   Joint Notice of Motion, Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in Support

Page 33

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on September 5, 2012, the following document:

3

4

JOINT NOTICE OF MOTION, JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT, AND APPROVAL OF FORM AND MANNER OF NOTICE, AND PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

5

6

7

was filed electronically with the Clerk of Court through ECF.  The following participants were

8

served through ECF:

9

J. Emmett Logan
STINSON MORRISON HECKER LLP

10

1201 Walnut, Suite 2900
Kansas City, MO  64106

11

Telephone: (816) 842-8600
Facsimile: (816) 691-3495

12

elogan@stinson.com

13

Christopher J. Koenigs

14

Michael B. Carroll
SHERMAN & HOWARD, L.L.C.

15

633 Seventeenth Street
Suite 3000

16

Denver, CO 80202
Telephone: (303) 297-2900

17

Facsimile: (303) 298-0940
ckoenigs@shermanhoward.com

18

mcarroll@shermanhoward.com

19

20

Molly R. Newland
SHEPPARD MULLIN RICHTER

21

 & HAMPTON LLP
 A Limited Liability Partnership

22

 Including Professional Corporations
Four Embarcadero Center, 17th Floor

23

San Francisco, CA  94111
Telephone: (415) 434-9100

24

Facsimile: (415) 434-3947

25

E-Mail: mnewland@sheppardmullin.com

26

27

Case Number: 3:11-cv-02599-TEH      Joint Notice of Motion, Joint Motion for Certification of Settlement Class,
Preliminary Approval of Class-Action Settlement, and Approval of Form and
Manner of Notice, and Plaintiffs' Memorandum of Points and Authorities in
Support

28

1

James Joseph Mittermiller
**SHEPPARD MULLIN RICHTER**

2

**& HAMPTON LLP**
 A Limited Liability Partnership

3

 Including Professional Corporations

4

501 West Broadway, 19th Floor
San Diego, CA 92101-3598

5

Telephone: (619) 338-6500
Facsimile: (619) 234-3815

6

E-Mail: jmittermiller@sheppardmullin.com

7

Dated this 5th day of September, 2012.

8

/s/ Eric E. Caugh

9

Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28