IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Todd Smith, et al.,

                Plaintiff,

      v.

Qwest Communications Company, LLC, et al.,

                Defendant.

NO. C11-02599 TEH

ORDER RE: HEARING ON MOTION FOR CLASS CERTIFICATION AND PRELIMINARY SETTLEMENT APPROVAL

      The parties' joint motion for certification of a settlement class, preliminary approval of a class action settlement, and approval of form and manner of notice is scheduled to be heard on October 15, 2012. After reviewing the submissions of the parties, the Court is concerned about the provision in the proposed settlement which seems to authorize the Claims Administrator to record or cause to be recorded easements on the property of landowners who do not respond to notice in this action or whose claims are unsuccessful. *See* Mtn. at 13; Settlement VIII.A(1)(i). The Court therefore orders the parties to be prepared to address the following questions at the hearing:

      1. Is the Court correct in its understanding that this settlement allows Defendants to obtain an easement to use property for which they have not paid benefits to the property owner?

      2. Assuming there will be a number of class members/ landowners who do not respond to notice, what makes such an arrangement fair? *See* Ex. E at 3 (Order of Judgment approving final settlement and finding that it is "fair, reasonable, adequate, and in the best interests of Class Members").

      3. The parties cite a number of cases on page 18 of their joint motion in which other district courts have approved "state-specific versions of this Settlement." Have those other

states' settlements contained a provision allowing the defendants to obtain an easement as to those landowners who neither file claims nor opt out? If so, provide citation to authority approving of this provision, including information about which judge and which court issued any such opinion. The Court is particularly interested in any court to have addressed the fairness of this provision. The parties shall provide to the Court any such citations **in writing at or before the hearing on October 15**.

4. For those courts that have given final approval to any settlement containing this provision, what percentage of the class members actually made claims and received payment? In other words, what proportion of the class did not successfully make claims but nevertheless lost an easement to their property?

5. Are you able to identify and personally notice every landowner from whom Defendants expect to obtain an easement (class members)?

6. Is there a minimum amount Defendants agree to pay out to class members, or a minimum threshold of responses that need to be obtained from class members?

7. What is a ballpark amount that would be due to an average property owner under this Settlement?

**IT IS SO ORDERED.**

Dated: 10/4/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT