IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD SMITH, et al.,

          Plaintiff,

    v.

QWEST COMMUNICATIONS COMPANY, LLC, et al.,

          Defendant.

NO. C11-02599 TEH

ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE

       This matter is before the Court on the parties' joint motion under Federal Rule of Civil Procedure 23(b) and (e) for an order: (1) certifying a settlement class; (2) preliminarily approving a class settlement on the terms and conditions set forth in the California Class Settlement Agreement (the "Settlement Agreement"); and (3) approving forms and a program for class notice. The Court has reviewed the papers filed in connection with the motion, including the Settlement Agreement, the attached exhibits, and the supplemental responses submitted on November 14, 2012 in response to this Court's questions. After careful consideration of the papers and record, the Court finds good cause to order the following:

       1.    Terms capitalized herein and not defined shall have the meanings ascribed to them in the Settlement Agreement.

       2.    This Court has jurisdiction over the subject matter of this Action and jurisdiction over the Parties.

       3.    For settlement purposes only, this action may be maintained as a class action under Federal Rule of Civil Procedure 23 on behalf of a class under the Settlement Agreement (the "Settlement Class"), defined as follows:

      a class comprising all Persons who own or who claim to own, for any period of time during a Compensation Period, any Covered Property, except for: (1) Right-of-Way Providers and their predecessors, successors, parents, subsidiaries, and affiliates, past or present; (2) federal, state, and local governmental entities; (3) Native American nations and tribes; or (4) any Person who files a valid and timely exclusion on or before the Opt-Out Deadline.

  4.  In light of the agreement to settle the Action and the resulting elimination of individual issues that may otherwise have precluded certification of a litigation class, the prerequisites to class certification under Rule 23(a) are satisfied, to wit:

    a.  The Settlement Class is so numerous that joinder of all members is impracticable;

    b.  There are questions of law and fact common to members of the Settlement Class, including the central question of their right to compensation for Settling Defendants' occupation of Rights of Way with Telecommunications Cable Systems;

    c.  The claims of the California Class Representatives, William and Linda Nelson, Dirk and Carol Regan, Jacquelyn Sheldrick, Glenn L. Boom, and Todd Smith, are typical of the claims of the Settlement Class members;

    d.  The California Class Representatives, represented by counsel experienced in complex litigation, will fairly and adequately protect the interests of the Settlement Class.

  5.  In light of the agreement to settle the Action and the resulting elimination of individual issues that Defendants contend preclude certification of a litigation class, the questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy under Rule 23(b)(3).

  6.  If the Settlement Agreement is not finally approved by the Court or for any reason does not become effective, the Settlement Agreement shall be regarded as nullified, the Settlement Class decertified, and the steps and actions taken in connection with the proposed Settlements, including this Order (except as to this paragraph) and any judgment

entered herein, shall become void and have no further force or effect.  All Parties' rights to litigate all class issues will be restored to the same extent as if the Settlement Agreement had never been entered into, and no Party shall assert that another Party is estopped from taking any position regarding class certification.

7. William and Linda Nelson, Dirk and Carol Regan, Jacquelyn Sheldrick, Glenn L. Boom, and Todd Smith are hereby designated as the Class Representatives for the Settlement Class.

8. Considering the factors set forth in Rule 23(g), the Court appoints and authorizes the following counsel to act as Settlement Class Counsel:  Nels Ackerson and Kathleen C. Kauffman, Ackerson Kauffman Fex, P.C.; Henry J. Price, Price, Waicukauski & Riley, LLC; Andrew W. Cohen, Koonz, McKenney, Johnson, DePaolis & Lightfoot, L.L.P.; Irwin B. Levin and Scott D. Gilchrist, Cohen & Malad, LLP; William T. Gotfryd and Arthur T. Susman, Susman, Heffner & Hurst, LLP; Dan Millea, Craig C. Corbitt and Eric E. Caugh, Zelle Hofmann Voelbel & Mason LLP; Steven R. Levy; and Jeffrey M. Forster.

9. The Court approves of the terms and conditions set forth in the Settlement Agreement, including the provision for cash payments to be made by Defendants to Class Members who become Qualified Claimants in return for the Release of Claims and conveyance of Telecommunications Cable System Easement Deeds, as fair, adequate, reasonable, and within the range of possible approval, subject to further consideration at a Fairness Hearing described below.  The Court therefore preliminarily approves the Settlement Agreement and directs the parties to perform and satisfy the terms and conditions of the Settlement Agreement that are thereby triggered.

10. The Court finds that it has the authority under Federal Rule of Civil Procedure 70 and as provided in the Settlement Agreement to direct all Class Members who own a current interest in a Qualifying Parcel and who have not requested exclusion from a Settlement Class, regardless of whether they file a Claim Form for Landowner Benefits, to grant a Claims Administrator Telecommunications Cable System Easement Deed to the Settling Defendants, as provided in the Settlement Agreement.  Class Members shall be

advised in the Notice and Summary Notice of the Court's delegation of authority to convey a Claims Administrator Telecommunications Cable System Easement Deed, unless they exclude themselves from the Settlement Class.

11. A hearing (the "Fairness Hearing") shall be held on **June 17, 2013, at 10:00 a.m**. before the undersigned in Courtroom No. 2, 450 Golden Gate Avenue, San Francisco, CA 94102. The date of the Fairness Hearing will be included in the Notice and Summary Notice. The purpose of the Fairness Hearing will be to (a) determine whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be finally approved; (b) determine whether an order and judgment should be entered dismissing the claims of the Settlement Class Members and bringing the litigation of those claims to a conclusion; and (c) consider appropriate attorneys' fees and other Settlement-related matters. The Court may adjourn, continue, or reconvene the Fairness Hearing pursuant to oral announcement without further notice to the Class Members, and the Court may consider and grant final approval of the Settlement Agreement, with or without minor modification, and without further notice to Class Members.

12. The Court appoints Rust Consulting, Inc., of Minneapolis, Minnesota, to serve as Claims Administrator.

13. The Court has reviewed the Notice of Class Action, Proposed Settlement, and Settlement Hearing (the "Notice"), and the Summary Notice, attached to the Settlement Agreement as Exhibits C and D, respectively. The Court approves of the form and manner of the Summary Notice and the Notice, which will be made to reflect the deadlines in this Order. The Court also approves the method of directing notice to Class Members, as set forth below.

14. As soon as is practical following the receipt of updated Class Member identification information from Data Mapping Solutions, L.L.C., and in any event no later than **March 1, 2013**, the Claims Administrator shall prepare and cause individual copies of the Notice to be sent by United States Mail, first-class postage prepaid, to members of the Settlement Class who currently own real property that underlies, adjoins, or includes a Right

4

of Way on the Cable Side. The Claims Administrator also shall mail copies of the Notice to any other potential Class Members who request copies or who otherwise come to its attention.

15. As soon as publication schedules practically permit, but no sooner than March 6, 2012 and no later than **March 20, 2013**, the Claims Administrator shall cause the Summary Notice to be published, as set forth in the plan of publication contained in the September 5, 2012 Declaration of Katherine Kinsella. The content of the Summary Notice shall be substantially as set forth in Exhibit D to the Settlement Agreement, and it shall reflect the deadlines established in this Order.

16. The Court finds that the foregoing plan for notice to Class Members will provide the best notice practicable under the circumstances and is in compliance with the requirements of Rule 23 and applicable standards of due process.

17. By **March 29, 2013**, counsel for Defendants and Settlement Class Counsel shall jointly file with the Court an affidavit from a representative of the Claims Administrator confirming that the plan for disseminating the Notice and the Summary Notice has been accomplished in accordance with the provisions of paragraphs 14 and 15 above.

18. Plaintiffs' counsel's motion for attorneys' fees and costs shall be filed with the Court on or before **March 22, 2013**, in order to give any Class Member wishing to object to the fee motion the opportunity to do so within the window established for objections.

19. Members of the Settlement Class who wish to exclude themselves from the Class must request exclusion by **April 15, 2013** and must do so in accordance with the instructions set forth in the Notice. Class Members who do not submit timely and valid requests for exclusion will be bound by the terms of the Settlement Agreement in the event it is approved by the Court and becomes effective, and by any orders and judgments subsequently entered in the Action, whether favorable or unfavorable, regardless of whether the Class Member submits a Claim Form to the Claims Administrator. Class Members who submit timely and valid requests for exclusion will not be bound by the terms of the

5

Settlement Agreement or by any orders or judgments subsequently entered in the Action, and they may not submit a Claim Form to the Claims Administrator.

20. Class Members who have not requested exclusion may object to the Settlement Agreement, the request for attorneys' fees, or other Settlement-related matters in writing by **April 15, 2013.** Class Members who have not requested exclusion may also attend the Fairness Hearing, in person or through counsel, and if the Class Member has submitted written objections, may pursue those objections. Copies of the statement of objection, together with any supporting brief and all other papers the Class Member wishes the Court to consider (which must include the name and number of this case), and a notice of appearance from any counsel for the Class Member who intends to appear at the Fairness Hearing, shall be sent to the following address:

> The Hon. Thelton E. Henderson
> U.S. District Court for the Northern District of California
> 450 Golden Gate Ave.
> San Francisco, CA 94102

and to the following representative of Settlement Class Counsel:

> Fiber Optic Class Counsel
> P.O. Box 441711
> Indianapolis, IN 46244

and to the following representative of the Settling Defendants:

> Emmett Logan
> STINSON MORRISON HECKER, LLP
> 1201 Walnut, No. 2900
> Kansas City, MO 64106-2150

Each statement of objection must identify (a) the name and address of the Class Member, (b) the name and address of the Class Member's counsel, if any, and, (c) in order to confirm Settlement Class membership, the legal description of the Class Member's Qualifying Parcel. Unless otherwise directed by the Court, any Class Member who does not submit a statement of objection in the manner specified above will be deemed to have waived any such objection.

21. Plaintiffs' counsel shall file the motion for final approval of the settlement, shall attach copies of any objections received, and shall respond to any objections to the settlement and to the request for attorneys' fees, on or before **May 20, 2013**.

22. During the Court's consideration of the Settlement Agreement and pending further order of the Court, all proceedings in this Action, other than proceedings necessary to carry out the terms and provisions of the Settlement Agreement, or as otherwise directed by the Court, are hereby stayed and suspended.

23. Neither the Settlement Agreement nor the provisions contained therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed, or deemed to be evidence of, an admission or concession on the part of the California Class Representatives, Settlement Class Counsel, the Settling Defendants, any Class Member, or any other person, of any liability or wrongdoing by any of them, or of any lack of merit in their claims or defenses, or of any position on whether any claims may or may not be certified as part of a class action for litigation purposes.

24. The Court retains jurisdiction over this action, the Parties, and all matters relating to the Settlement Agreement.

25. Defendant shall file proof of the notifications required under 28 U.S.C. § 1715 on or before **December 5, 2012**.

**IT IS SO ORDERED.**

Dated:   11/21/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT