IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD SMITH, et al.,

                    Plaintiffs,

      v.

QWEST COMMUNICATIONS
COMPANY, LLC, et al.,

                Defendants.

NO. C11-02599 TEH

ORDER GRANTING FINAL
SETTLEMENT APPROVAL

**ORDER AND JUDGMENT APPROVING CLASS-ACTION SETTLEMENT
AND DIRECTING NOTICE OF FINAL APPROVAL**

WHEREAS, the parties to the above-captioned class action (the "Action") entered into a California Class Settlement Agreement (the "Settlement Agreement"), as of September 5, 2012 (terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement);

WHEREAS, Defendants and the Plaintiffs in the Action moved under Federal Rule of Civil Procedure 23(b) for an order certifying the class for settlement purposes, and under Rule 23(e) for an order preliminarily approving the proposed settlement of the Class Members' claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Settlement Agreement;

WHEREAS, in its Order entered on November 21, 2012 (the "Preliminary Approval Order"), the Court provisionally ordered that this Action may be settled as a class action on behalf of the following class:

[A] class under the Settlement Agreement (the "Settlement Class"),
defined as follows:

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a class comprising all Persons who own or who claim to own, for any period of time during a Compensation Period, any Covered Property, except for: (1) Right-of-Way Providers and their predecessors, successors, parents, subsidiaries, and affiliates, past or present; (2) federal, state, and local governmental entities; (3) Native American nations and tribes; or (4) any Person who files a valid and timely exclusion on or before the Opt-Out Deadline.

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to Class Members and directed that appropriate notice of the Settlement be given to Class Members;

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Settlement Administrator caused to be mailed to Class Members the Notice of Class Action, Proposed Settlement, and Settlement Hearing ("Notice") on March 1, 2013, and caused to be published the Summary Notice of Class Action, Proposed Settlement, and Settlement Hearing ("Summary Notice"); (2) a Declaration of Mailing and Publication of the Notice and Publication of the Summary Notice and a Supplemental Declaration thereto were filed with the Court prior to the final fairness hearing; and (3) the Declaration of Mailing and Publication and the Supplemental Declaration thereto filed with this Court demonstrate compliance with the Preliminary Approval Order with respect to the Notice and the Summary Notice;

WHEREAS, on June 17, 2013, this Court held a hearing on whether the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Class (the "Fairness Hearing"); and

WHEREAS, the Court has carefully considered the written and oral arguments of counsel, the written and oral objections of the Class Members, the lengthy record of proceedings in this litigation, the benefits to the Class of the Settlement, as balanced against the risks, complexity, expense, likelihood of success, and probable duration of further litigation;

**IT IS HEREBY ORDERED THAT:**

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, Class Members, and the Defendants.

2

United States District Court

For the Northern District of California

2. The Class Representatives and their counsel fairly and adequately represent the interests of the Class Members in connection with the Settlement Agreement.

3. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Class Representatives and their counsel, and Settling Defendants and their counsel, and the representatives of the Settlement Class and Settling Defendants were represented by capable and experienced counsel.

4. The form, content, and method of dissemination of the notice given to Class Members, including both published notice and individual notice to all Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.[1]

5. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of Class Members, is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

6. Class Members shall be permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

7. The certification of the Settlement Class, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed.

8. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

9. After this Order and Judgment has become Final, an order awarding attorneys' fees to Settlement Class Counsel with respect to the Settlement Agreement becomes Final, and all periods during which any Party to the Settlement Agreement may exercise a right of withdrawal have expired (hereafter "the Effective Date"), the Settling Defendants and all other Released Parties, including, without limitation, the

---

[1] The Court has carefully considered objector Fischer's objection that the mailed Notice was inadequate to inform class members that they would lose an easement if they did not opt out of the settlement. *See* Dkt. No. 56 at 11-12. The Court finds, however, that the Notice adequately apprised the class that the easement was at issue, discussing the easement on pages 1, 3, 4, 6 and 7, and that the Notice was adequate under both Federal Rule of Civil Procedure 23 and *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

3

Right-of-Way Providers listed in Exhibit L to the Settlement Agreement, a copy of which is attached hereto and incorporated by reference herein, shall be released from any and all Settlement Claims that any Class Member (and all successors in interest) had, has, or may have in the future, against the Settling Defendants or any other Released Party.  This Release may be enforced by any Released Party.

10. All Settlement Claims of any Class Member (and the successors in interest of all members of the Settlement Class) are hereby dismissed.  Upon the Effective Date, such dismissal shall be with prejudice.

11. Upon the Effective Date, the Class Members (and the successors in interest of all members of the Settlement Class) shall be barred and permanently enjoined from instituting, asserting, or prosecuting against a Settling Defendant or any other Released Party, including, without limitation, the Right-of-Way Providers listed in Exhibit L to the Settlement Agreement, any and all Settlement Claims they have, had, or may have in the future, against a Settling Defendant or any other Released Party, except any claims for enforcement of a Settlement Agreement.

12. The various forms of the Claim for Landowner Benefits and Releases of Claims (the "Claim Form"), and the Telecommunications Cable System Easement Deed, set forth as Exhibits G, J and J(1), and H respectively, to the Settlement Agreement, are approved.  In order to receive Benefits under the Settlement Agreement, all Class Members must comply with the requirements for making a Claim, as set forth in the Settlement Agreement.

13. Each Current Landowner who submits a Qualified Claim must execute a Telecommunications Cable System Easement Deed.

14. Upon the Effective Date, the Claims Administrator shall be authorized under Federal Rule of Civil Procedure 70 to execute and deliver to each Settling Defendant a Claims Administrator Telecommunications Cable System Easement Deed, substantially in the form of Exhibit I to the Settlement Agreement, on behalf of all Class Members who are Current Landowners and who do not personally execute

1 and deliver a Telecommunications Cable System Easement Deed.  Any Class

2 Member who is a Current Landowner and who does not file a Claim may rely upon

3 the Claims Administrator to execute and deliver to each Settling Defendant the

4 Claims Administrator Telecommunications Cable System Easement Deed.

5      15. The Claims Administrator is hereby appointed as attorney in fact for each

6 Class Member who is a Current Landowner, with power and authority, upon the

7 Effective Date, to execute and deliver a Claims Administrator Telecommunications

8 Cable System Easement Deed, substantially in the form of Exhibit I to the Settlement

9 Agreement, to the applicable Settling Defendant and to authorize such Settling

10 Defendant to record such a Claims Administrator Telecommunications Cable System

11 Easement Deed as provided in Section IV.C.2 of the Settlement Agreement.  Any

12 property owner who has validly opted out of this Settlement is not a member of the

13 Class and the Claims Administrator shall refrain from executing any Easement Deed

14 with regard to any parcel for which exclusion from the Settlement was validly

15 requested.  *See* Tredray Supp. Decl. (Dkt. No. 62-1) ¶ 10.

16      16. Upon the Effective Date, the Settling Defendants or Settlement Class

17 Counsel may, at their respective option and cost file, record and/or index the

18 Easement Deed by Court Order in Settlement of Landowner Action, entered

19 contemporaneously with this Order and Judgment, or notice thereof, and any

20 executed Telecommunications Cable System Easement Deed, on behalf of any Class

21 Member, in the judgment or land records of the county in which the real estate is

22 located as provided in IV.C.2 of the Settlement Agreement.  The Court retains

23 jurisdiction, as provided pursuant to Section VIII.A.1.(n) of the Settlement

24 Agreement, to enter supplemental orders and judgments to effectuate the recordation

25 of any and all rights conveyed to the Settling Defendants under the Settlement

26 Agreement.

27      17. The expenses of administering the Settlement Agreement shall be paid

28 from the Administrative Account in the manner set forth in the Settlement

5

United States District Court

For the Northern District of California

1  Agreement.

2      18. Upon the Effective Date, the Released Parties shall be released by all

3  Class Members from any and all claims, damages, costs, expenses, and other

4  liabilities of every kind and nature whatsoever as a result of or in any way in

5  connection with the filing, recordation, or indexing of the Easement Deed by Court

6  Order Deed in Settlement of Landowner Action, or notice thereof, or any

7  Telecommunications Cable System Easement Deed, except claims to enforce the

8  Settlement Agreement and/or this Order.

9      19. It is hereby declared, adjudged, and decreed that, upon the Effective Date,

10  the Settlement Agreement provides the exclusive remedy for any and all Settlement

11  Claims of Settlement Class Members (and any successors in interest) against the

12  Settling Defendants and any and all other Released Parties.

13      20. Upon the Effective Date, all claims against the Class Representatives, or

14  their counsel or any of them, arising out of, relating to, or in connection with the

15  Action shall be released by the Settling Defendants and their counsel, and they shall

16  be permanently enjoined and barred from instituting, asserting, or prosecuting any

17  and all claims that the Settling Defendants or their counsel or any of them had, have,

18  or may in the future have against the Class Representatives or their counsel, except

19  claims to enforce the Settlement Agreement and/or this Order.

20      21. Upon the Effective Date, all Class Members (and all successors in

21  interest), whether or not they file a Claim for Landowner Benefits, shall be

22  permanently enjoined and barred from instituting, asserting or prosecuting, either

23  directly or as a class representative, any Settlement Claims.

24      22. The form of the Notice of Final Approval of Settlement, set forth as

25  Exhibit F to the Settlement Agreement, is approved.  Upon this Order and Judgment

26  becoming Final, the Settlement Administrator shall within thirty (30) days thereafter

27  cause the Notice of Final Approval Package to be sent by United States mail, first-

28  class postage prepaid, to all Class Members who have been identified, who requested

copies, or who otherwise came to the Claims Administrator's attention.

23. Any claims by the Settling Defendants against any Right of Way Providers, insurers or other third parties for contribution, indemnification, or insurance benefits, are not barred, released, or otherwise affected by the Settlement Agreement or this Order and Judgment.

24. Incentive awards to the Class Representative in the following amount are reasonable and are approved:  William and Linda Nelson: $3,200 jointly, Dirk and Carol Regan: $3,200 jointly, Jacquelyn Sheldrick: $3,200, Glenn L. Boom: $3,200, and Todd Smith: $3,200.

25. Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final.

26. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the parties to the Settlement Agreement, including Defendants and all Class Members, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

27. In the event that any Settling Defendant withdraws from the Settlement Agreement, the portions of this Order and Judgment that are issued to implement that Agreement shall have no further force and effect as to that Settling Defendant, any Class Member who has a claim against that Settling Defendant, and any Person who would have been released or otherwise affected by that Settling Defendant's Designation of Right of Way.  Withdrawal from a Settlement Agreement shall not affect the provisions of this Order and Judgment that relate to Settling Defendants who do not withdraw.

28. If this Order and Judgment is not a final judgment as to all claims

United States District Court
For the Northern District of California

7

presented in the Action, the Court hereby determines, pursuant to Federal Rule of

Civil Procedure 54(b), that there is no just reason to delay the appeal of all claims as

to which final judgment is entered.

**IT IS SO ORDERED.**

Dated:   6/24/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1

EXHIBIT L

2

Released Right-of-Way Providers

3

4

Union Pacific Corporation, Union Pacific Railroad Company, Southern Pacific Rail Corporation (together "Union Pacific"); BNSF Railway Company, Burlington Northern and Santa Fe Railway Company, The Atchison, Topeka and Santa Fe Railway Company, Burlington Northern Railroad Company (together "BNSF"); McCloud Railway Company; San Diego Metropolitan Development Board, San Diego Trolley Blue Line, San Diego and Imperial Valley Railroad Company; National Railroad Passenger Corporation (Amtrak) and any of the predecessors-in-interest, predecessors-in-title, successors-in-interest, successors-in-title, members, partners, affiliates, lessees, subsidiaries, parents, assigns related entities, agencies, or officials of and any railroads or terminal railroads wholly owned or partially owned by each of the Right-of-Way Providers named above.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28