IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD SMITH, et al.,

                Plaintiffs,

        v.

QWEST COMMUNICATIONS COMPANY, LLC, et al.,

                Defendants.

NO. C11-02599 TEH

ORDER GRANTING MOTION FOR ATTORNEYS' FEES

      Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel. Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. For the reasons set forth below, the Court now GRANTS the motion.

**Findings of Fact**

      1.     This class-action settlement resolves a property-rights dispute which arises out of the installation of fiber-optic cable on Railroad Rights of Way ("ROW") by Sprint Communications Company L.P., Qwest Communications Company, LLC, Level 3 Communications, LLC, and WilTel Communications, LLC ("the Settling Defendants"). The claims resolved by the Settlement affect parcels of land in California covering approximately 2,127 miles of ROW throughout the state.

      2.     On November 21, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. Docket Number ("Dkt. No.") 48. On March 1, 2013, the claims administrator mailed notices to 56,270 current and prior property owners along the railroad rights of way in California containing telecommunications facilities installed by the Settling Defendants and opened a

1 Settlement call center and website. The notice, which was posted on the website, advised in
2 pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $2,901,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

6 Notice ¶ 25. The Notice further advised that the Court would hold a Fairness Hearing on
7 June 17, 2013, at which time the Court would "consider how much to pay Class Counsel."
8 *Id*. ¶ 28. On June 17, 2013, the Court held the final Fairness Hearing.

9     3. The Settlement Agreement provides in pertinent part: "Settlement Class
10 Counsel may seek from the Court a cash award of fees and expenses from the Settling
11 Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the
12 Settling Defendants will not object." Settlement Agreement § II.E.1. The Settlement
13 Agreement defines the Maximum Attorneys' Fee Award as $2,901,000. Settlement
14 Agreement Definitions. The Settlement Agreement further provides that "the Settling
15 Defendants shall deposit any attorneys' fee award approved by the Court, which shall not
16 exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account
17 established with U.S. Bank in New York, New York, no later than ten (10) days after the
18 date on which the Order and Judgment becomes Final." Settlement Agreement § II.E.2.

19     4. The escrow account established with U.S. Bank is a Qualified Settlement Fund
20 within the meaning of Treasury Regulation § 1.468B. The escrow account is maintained by
21 U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc.
22 ("GFRG") serving as the Fund Administrator. These arrangements are consistent with the
23 terms of an Escrow Agreement entered into as of August 26, 2011 between certain
24 Settlement Class Counsel, U.S. Bank, and GFRG.

25     5. Settlement Class Counsel estimate that approximately $4,273,000 in cash
26 benefits is available for class members to claim. Administrative costs — to be paid
27 separately by the Settling Defendants — in creating and updating a sophisticated database to
28 notify class members, implement the Settlement, and process claims, are estimated at an

2

additional $2,942,000. The agreed-to attorneys' fees and non-taxable costs of approximately $2,901,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $10,116,000.

**Conclusions of Law**

6. Rule 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice and on the website.

7. When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards. *In Re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

8. Under the percentage-of-the-fund method, it is appropriate to base the percentage calculation on the total of the gross cash benefits available for class members to claim, the Settling Defendants' separate payment of attorneys' fees, and the administration expenses. *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (holding that the district court abused its discretion when it based attorneys' fees awarded in a class-action settlement on compensation that class members actually claimed rather than on the benefits available to them to claim, explaining: "In *Boeing* . . . , the Court concluded that the attorneys for a successful class may recover a fee based on the entire common fund created for the class, even if some class

3

1 members make no claims against the fund so that money remains in it that otherwise would be
2 returned to the defendants.").

3       9.     The Court adopts the percentage-of-the-fund approach here and finds that the
4 parties' agreed-to fee-and-expense amount is reasonable. Settlement Class Counsel estimate
5 that, based on the miles of rights of way covered by the Settlement and the corresponding
6 compensation rates, approximately $4,273,000 is available for class members to claim.
7 When the estimated administrative costs of $2,942,000 — to be borne by the Settling
8 Defendants — and the agreed-to attorneys' fees and expenses of $2,901,000 — also to be
9 paid separately by the Settling Defendants — are factored in, the gross value of the
10 Settlement is approximately $10,116,000. The $2,901,000 fee-and-expense award therefore
11 represents 28.68 percent of the fund as a whole.

12       10.     At just under 29 percent of the value of the fund as a whole, the fee-and-
13 expense award is within the range of reasonable percentage-fee awards in this Circuit. *See,*
14 *e.g.*, *Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002)
15 ("We have established a 25 percent benchmark in percentage-of-the-fund cases that can be
16 adjusted upward or downward to account for any unusual circumstances involved in [the]
17 case." (internal quotation marks and citation omitted)); *In re Pac. Enters. Sec. Litig.*, 47 F.3d
18 373, 379 (9th Cir. 1995) ("[t]wenty-five percent is the 'benchmark' that district courts
19 should award in common fund cases" (citation omitted)). The approximately 29 percent fee-
20 and-expense award is justified here, where in reaching the Settlement, Settlement Class
21 Counsel engaged in unusually lengthy and hard-fought litigation to resolve vexing legal
22 issues arising out of the installation of fiber-optic-cable on railroad rights of way. In 29
23 similar right-of-way settlements, federal district courts across the country have approved
24 fee-and-expense awards to class counsel ranging from 17 to 30 percent of the then-estimated
25 fund.

26       11.     In terms of a lodestar crosscheck, the overlapping nature of the discovery,
27 motion practice, research, litigation, and settlement efforts across the country for more than
28 a decade — which culminated in this and the other state settlement agreements — have

4

prevented Settlement Class Counsel from segregating their fees and expenses into a "California-only" category or similar categories for other states. *See* Declaration of Settlement Class Counsel Dan Millea ¶ 16; Declaration of Settlement Class Counsel Irwin Levin ¶ 22. Nonetheless, it is apparent that the California fee-and-expense request is supported by a lodestar crosscheck based on the time and expense incurred, and fees available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-way litigation.

12. The total attorneys' fees and expenses incurred by Settlement Class Counsel in the decade-plus of right-of-way litigation culminating in this Settlement, excluding local counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has since increased as Settlement Class Counsel have performed additional work in seeking approval of the settlements in courts around the country, and it will continue to do so until the settlements are fully administered. *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23. The Settling Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in attorneys' fees and expenses in settlement of the forty-six state actions (and the District of Columbia) nationwide. Millea Decl. ¶ 17; Levin Decl. ¶ 23. Thus, the incurred fees and expenses are subject to a negative multiplier — roughly .70 — on a nationwide basis and the same holds true for California's pro-rata allocation.

For the foregoing reasons, the Court GRANTS the motion, awards $2,901,000 in attorneys' fees and expenses to the Settlement Class Counsel, and orders the following:

The Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final. Any alleged or actual civil liability against the Settling Defendants for attorneys' fees arising out of the tort claims resolved by the California Class Settlement Agreement is hereby satisfied and extinguished through the Settling Defendants'

5

payment of the fee-and-expense award. Any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund.

The Court confirms GFRG as the Fund Administrator for the escrow account. The account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

**IT IS SO ORDERED.**

Dated: 6/24/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT