IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD SMITH, et al.,

                Plaintiffs,

      v.

QWEST COMMUNICATIONS
COMPANY, LLC, et al.,

                Defendants.

NO. C11-02599 TEH

ORDER GRANTING MOTION
FOR ATTORNEYS' FEES

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and expenses to Settlement Class Counsel.  Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law.  For the reasons set forth below, the Court now GRANTS the motion.

**Findings of Fact**

1.      This class-action settlement resolves a property-rights dispute which arises out of the installation of fiber-optic cable on Railroad Rights of Way ("ROW") by Sprint Communications Company L.P., Qwest Communications Company, LLC, Level 3 Communications, LLC, and WilTel Communications, LLC ("the Settling Defendants"). The claims resolved by the Settlement affect parcels of land in California covering approximately 2,127 miles of ROW throughout the state.

2.      On November 21, 2012, the Court entered an order preliminarily approving the Settlement, certifying the Settlement class, and approving the form and manner of notice. Docket Number ("Dkt. No.") 48.  On March 1, 2013, the claims administrator mailed notices to 56,270 current and prior property owners along the railroad rights of way in California containing telecommunications facilities installed by the Settling Defendants and opened a

1  Settlement call center and website.  The notice, which was posted on the website, advised in

2  pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be
> paid.  Class Counsel will ask the Court for attorneys' fees, costs and expenses
> of $2,901,000. . . .  The Defendants will separately pay these fees and
> expenses and the payment will not reduce the benefits available for the Class.

6  Notice ¶ 25.  The Notice further advised that the Court would hold a Fairness Hearing on

7  June 17, 2013, at which time the Court would "consider how much to pay Class Counsel."

8  *Id*. ¶ 28.  On June 17, 2013, the Court held the final Fairness Hearing.

9         3.      The Settlement Agreement provides in pertinent part: "Settlement Class

10  Counsel may seek from the Court a cash award of fees and expenses from the Settling

11  Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the

12  Settling Defendants will not object."  Settlement Agreement § II.E.1.  The Settlement

13  Agreement defines the Maximum Attorneys' Fee Award as $2,901,000.  Settlement

14  Agreement Definitions.  The Settlement Agreement further provides that "the Settling

15  Defendants shall deposit any attorneys' fee award approved by the Court, which shall not

16  exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account

17  established with U.S. Bank in New York, New York, no later than ten (10) days after the

18  date on which the Order and Judgment becomes Final."  Settlement Agreement § II.E.2.

19         4.      The escrow account established with U.S. Bank is a Qualified Settlement Fund

20  within the meaning of Treasury Regulation § 1.468B.  The escrow account is maintained by

21  U.S. Bank in New York, New York, with the Garretson Firm Resolution Group, Inc.

22  ("GFRG") serving as the Fund Administrator.  These arrangements are consistent with the

23  terms of an Escrow Agreement entered into as of August 26, 2011 between certain

24  Settlement Class Counsel, U.S. Bank, and GFRG.

25         5.      Settlement Class Counsel estimate that approximately $4,273,000 in cash

26  benefits is available for class members to claim.  Administrative costs — to be paid

27  separately by the Settling Defendants — in creating and updating a sophisticated database to

28  notify class members, implement the Settlement, and process claims, are estimated at an

United States District Court
For the Northern District of California

additional $2,942,000.  The agreed-to attorneys' fees and non-taxable costs of

approximately $2,901,000 — which will not reduce benefits payable to class members —

bring the total gross value of the Settlement to roughly $10,116,000.

## Conclusions of Law

6.     Rule 23(h) provides that, "[i]n a certified class action, the court may award

reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties'

agreement."  The Rule further provides that "[a] claim for an award must be made by motion

under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable

manner" and that the Court "must find the facts and state its legal conclusions under Rule

52(a)."  Fed. R. Civ. P. 23(h)(1) & (3).  In turn, Rule 54(d)(2) requires a claim for fees to be

made by motion, and specifies its timing and content, including, in relevant part, "the

grounds entitling the movant to the award" and "the amount sought."  Fed. R. Civ. P.

54(d)(2)(B).  Notice of this fee-award motion was provided in the class notice and on the

website.

7.     When "the settlement produces a common fund for the benefit of the entire

class, courts have discretion to employ either the lodestar method or the percentage-of-

recovery method" of calculating attorneys' fees awards.  *In Re Bluetooth Headset Prods.*

*Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

8.     Under the percentage-of-the-fund method, it is appropriate to base the

percentage calculation on the total of the gross cash benefits available for class members to

claim, the Settling Defendants' separate payment of attorneys' fees, and the administration

expenses.  *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980); *Williams v. MGM-Pathe*

*Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (holding that the district court abused its

discretion when it based attorneys' fees awarded in a class-action settlement on compensation

that class members actually claimed rather than on the benefits available to them to claim,

explaining:  "In *Boeing* . . . , the Court concluded that the attorneys for a successful class may

recover a fee based on the entire common fund created for the class, even if some class

3

**United States District Court**
For the Northern District of California

1    members make no claims against the fund so that money remains in it that otherwise would be

2    returned to the defendants.").

3         9.      The Court adopts the percentage-of-the-fund approach here and finds that the

4    parties' agreed-to fee-and-expense amount is reasonable. Settlement Class Counsel estimate

5    that, based on the miles of rights of way covered by the Settlement and the corresponding

6    compensation rates, approximately $4,273,000 is available for class members to claim.

7    When the estimated administrative costs of $2,942,000 — to be borne by the Settling

8    Defendants — and the agreed-to attorneys' fees and expenses of $2,901,000 — also to be

9    paid separately by the Settling Defendants — are factored in, the gross value of the

10    Settlement is approximately $10,116,000. The $2,901,000 fee-and-expense award therefore

11    represents 28.68 percent of the fund as a whole.

12         10.     At just under 29 percent of the value of the fund as a whole, the fee-and-

13    expense award is within the range of reasonable percentage-fee awards in this Circuit. *See,*

14    *e.g.*, *Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002)

15    ("We have established a 25 percent benchmark in percentage-of-the-fund cases that can be

16    adjusted upward or downward to account for any unusual circumstances involved in [the]

17    case." (internal quotation marks and citation omitted)); *In re Pac. Enters. Sec. Litig.*, 47 F.3d

18    373, 379 (9th Cir. 1995) ("[t]wenty-five percent is the 'benchmark' that district courts

19    should award in common fund cases" (citation omitted)). The approximately 29 percent fee-

20    and-expense award is justified here, where in reaching the Settlement, Settlement Class

21    Counsel engaged in unusually lengthy and hard-fought litigation to resolve vexing legal

22    issues arising out of the installation of fiber-optic-cable on railroad rights of way. In 29

23    similar right-of-way settlements, federal district courts across the country have approved

24    fee-and-expense awards to class counsel ranging from 17 to 30 percent of the then-estimated

25    fund.

26         11.     In terms of a lodestar crosscheck, the overlapping nature of the discovery,

27    motion practice, research, litigation, and settlement efforts across the country for more than

28    a decade — which culminated in this and the other state settlement agreements — have

**United States District Court**
For the Northern District of California

1   prevented Settlement Class Counsel from segregating their fees and expenses into a

2   "California-only" category or similar categories for other states.  *See* Declaration of

3   Settlement Class Counsel Dan Millea ¶ 16; Declaration of Settlement Class Counsel Irwin

4   Levin ¶ 22.  Nonetheless, it is apparent that the California fee-and-expense request is

5   supported by a lodestar crosscheck based on the time and expense incurred, and fees

6   available, in resolution of all the state-by-state settlements of the fiber-optic-cable right-of-

7   way litigation.

8          12.     The total attorneys' fees and expenses incurred by Settlement Class Counsel in

9   the decade-plus of right-of-way litigation culminating in this Settlement, excluding local

10  counsel fees and expenses, were just over $60,000,000 as of March 31, 2011; that number has

11  since increased as Settlement Class Counsel have performed additional work in seeking

12  approval of the settlements in courts around the country, and it will continue to do so until the

13  settlements are fully administered.  *See* Millea Decl. ¶ 17; Levin Decl. ¶ 23.  The Settling

14  Defendants in the right-of-way litigation have agreed to pay a total of $41,500,000 in

15  attorneys' fees and expenses in settlement of the forty-six state actions (and the District of

16  Columbia) nationwide.  Millea Decl. ¶ 17; Levin Decl. ¶ 23.  Thus, the incurred fees and

17  expenses are subject to a negative multiplier — roughly .70 — on a nationwide basis and the

18  same holds true for California's pro-rata allocation.

19         For the foregoing reasons, the Court GRANTS the motion, awards $2,901,000 in

20  attorneys' fees and expenses to the Settlement Class Counsel, and orders the following:

21         The Settling Defendants shall deposit the fee-and-expense award approved by the

22  Court into the interest-bearing escrow account — established as a Qualified Settlement Fund

23  within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with

24  U.S. Bank in New York, New York, no later than ten (10) days after the date on which the

25  Order and Judgment becomes Final.  Any alleged or actual civil liability against the Settling

26  Defendants for attorneys' fees arising out of the tort claims resolved by the California Class

27  Settlement Agreement is hereby satisfied and extinguished through the Settling Defendants'

28

payment of the fee-and-expense award.  Any interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund.

The Court confirms GFRG as the Fund Administrator for the escrow account.  The account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between Settlement Class Counsel, U.S. Bank, and GFRG.

**IT IS SO ORDERED.**

Dated:  6/24/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

**United States District Court**
For the Northern District of California

6